## J. LAIDLAW *v.* JEAN B. LANDRY.

| 12 | 151 |
| 45 | 344 |
| 12 | 151 |
| 47 | 580 |
| 12 | 151 |
| 107 | 528 |
| 12 | 151 |
| 109 | 536 |

When defendant's title is not traced to a sovereign grant, possession in good faith under successive purchases from private vendors for more than ten years, will not constitute a title by prescription against one who claims under a patent from the United States, issued within ten years previous to the institution of the suit.

In the absence of any other evidence, the date of the actual severance of the land from the public domain, the date of the patent must be considered as the time when the severance took place.

The burden of proof rests with the party pleading prescription to show affirmatively a state of facts which will sustain the plea.

APPEAL from the District Court of Assumption, *Cole,* J.

  *W. C. Lawes,* for plaintiff.  *Mailhot & Mills,* for defendant and appellant.

LEA, J.  The plaintiff claims from the defendant a tract of land situated in the parish of Assumption and constituting the fractional section 56 of township 12, range 14 east.  His right is derived from *A. F. Rightor,* who purchased directly from the United States and in whose favor a patent was issued on the 8th of September, 1845.  The defendant holds under successive purchases from private vendors, none of whom trace their title to a sovereign grant, but under which the defendant and his vendors have held possession in good faith for more than ten years.  The plaintiff, on his part, shows a paramount title emanating from the General Government within ten years prior to the institution of this suit, and, as before stated, the evidence shows that the defendant and his vendors have held possession in good faith under a title translative of property for more than ten years.  The plaintiff, therefore, has made at least a *prima facie* showing of a transfer, within the last ten years, from a vendor against whom prescription could not run.  See 4th Howard's Reports, p. 184.

  It is urged that the date of the patent does not furnish conclusive evidence of the fact that the actual severance of the land in question from the public domain took place at that time, and that the payment for said land may have been made prior to that time and more than ten years prior to the institution of this suit.  It is undoubtly true that such may have been the case ; it is equally true that nothing of the kind has been proved.  The only evidence before us of the time of the transfer from the Government, is the date of the patent which was duly set forth in the plaintiff's petition.  It was a part, therefore, of the defendant's case to show, if he could, that the title of the Government was divested not only anterior to the date of the patent, but more than ten years prior to the institution of this suit, and without such proof, he could not make out his plea of prescription.  It is a mistake to consider the plaintiff as defending himself against a title by prescription by an exceptional plea, and as such, under obligation to prove a state of facts which he has not alleged.  It is clear that prescription in favor of the defendant could not begin to run until after the severance of the land from the public domain, and if the defendant wishes, by the plea of prescription, to attack the validity of a title based upon a patent issued within ten years prior to the institution of the suit, it is incumbent upon him to show affirmatively a state of facts which will sustain his plea.

  Judgment affirmed.