Sewell vs. Scott.

## No. 7643.

### WILLIAM E. SEWELL VS. JOHN H. SCOTT.

It mattters not under what form, whether by petition, exception, rule or intervention, the question be presented, whenever the same question recurs between the same parties, the plea of *res judicata* estops. Hence, a judgment maintaining an exception of no cause of action, urging that plaintiff prays for relief, which cannot be granted according to law, will support the exception of *res judicata* to a petition disclosing the same cause of action between the same parties and for the same relief.

| | |
|---|---|
| 35 | 553 |
| 46 | 1098 |
| 35 | 553 |
| 48 | 707 |
| 49 | 1335 |
| 35 | 553 |
| 6108 | 611 |
| 35 | 553 |
| 109 | 536 |
| 35 | 553 |
| 119 | 919 |

APPEAL from the Sixth District Court for the Parish of Orleans. *Rightor*, J.

*Breaux & Hall* for Plaintiff and Appellant:

Any purely arbitrary or fanciful name may be adopted as a trade-mark; it must not be a word in common use. "Septoline" is, therefore, a proper and legal trade-mark. Insurance Oil Tank Co. vs. Scott, 33 An. 951; Cooley on Torts, p. 362; Brown, Trade-Marks, Secs. 236, 274; Manufacturing Co. vs. Trainer, 101 U. S. 53.

The trade-mark protects the merchant or seller of an article. 6 Otto, 245; 24 An. 297; Brown on Trade-Marks, Secs. 38-62.

Where there is no intention to deceive, and no motive for fraud, an injunction will issue to protect rights under a trade-mark. High on Injunctions, Sec. 674; Coddington's Digest Trade-Mark Cases, Secs. 548, 561, 565, 570; Am. Trade-Mark Cases, pp. 282, 559.

*Chas. S. Rice* for Defendant and Appellee:

The exception that petition shows no cause of action, is equivalent to the general demurrer in chancery, and the judgment maintaining such exception, or demurrer, and dismissing the suit, is *res adjudicata* between the parties as to all matters contained in the petition, or bill, as the case may be. C. C. 2286, 2287; 1 An. 47, 48; 19 La. 328; 12 An. 197; 14 La. 59; 11 An. 287, 288.

It being shown that the allegations in the petition relative to the particular class of goods to which, it is claimed, that the so-called trade-mark in question is applied, are false ; and it being also shown that said so-called trade-mark is applied to goods of a class, in all matters respecting the trade-mark, different from and inferior to those described in the petition ; and that the object and effect thereof is to deceive the public, and to sell, at an enhanced price, such inferior goods, under the mistaken belief that they are goods possessed of the reputed qualities of the goods in petition described, deprives such pretended trade-mark of the right to protection. (Revised Stat. U. S., Sec. 4937; Brown on Trade-Marks, pp. 194, 216.)

The plaintiff must come into court with clean hands. False representations to the public as, to the composition of the goods, which he sells under cover of his trade-mark, deprives such trade-mark of the right to protection. Am. Trade-Mark Cases, pp. 640, 644, 648.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff complains that defendant is illegally using his trade-mark, as a dealer in "Septoline" illuminating oil, and he brings this suit for an injunction and for damages in the sum of five thousand dollars. This appeal is taken by him from a judgment in favor of defendant.

The first defense urged below was the plea of *res adjudicata*, predi-

70

cated on a judgment rendered by the Fifth District Court of the Parish of Orleans, in a suit between the same parties and for the same cause of action, maintaining a peremptory exception of no cause of action. The plea of *res judicata* was overruled by the lower court, but it was specially reserved by defendant in his answer to the merits, and is pressed on appeal.

We are of opinion that the District Judge erred in overruling that exception.

The cause of action disclosed in the previous suit and the relief therein sought are identically the same and the parties the same as those presented in the present case. The peremptory exception pleaded in the first suit, urged that plaintiff was not entitled to protection of a trade-mark indicating the quality of oil which was indicated by said trade-mark, and that plaintiff was not entitled to protection, under the certificate of registry of his trade-mark, "for the sale of articles, the sale of which was forbidden by law."

The judgment which maintained the exception and dismissed plaintiff's suit, clearly decided that his action had no foundation in law, and that under the allegations of his petition no legal judgment could be rendered in his favor.

We understand our jurisprudence to have settled the rule as follows: " It matters not under what form, whether by petition, exception, rule or intervention, the question be presented, whenever the same question recurs between the same parties, even under a different form of procedure, the exception of *res judicata* estops." Plicque vs. Perret, 19 La. 318; Trescote vs. Lewis, 12 An. 197; City Bank vs. Walden, 1 An. 47; Consolidated Association vs. Mason, 23 An. 619.

Under the effect of the final judgment rendered in the previous suit, it is concluded against plaintiff that he cannot obtain protection of his trade-mark, as disclosed by his petition, and that he is selling articles, the sale of which is forbidden by law.

It would be difficult to conceive of a more complete bar to a petition disclosing the same cause of action and praying for the same relief.

The argument of plaintiff's counsel, that the pleadings in this case present additional issues, is answered by the statement that these additional issues are presented in defendant's answer to the merits, and that under the plea of *res judicata* our concern is with the issue presented by his petition, before issue was joined on the merits.

For the foregoing reasons, we think that the judgment appealed from should not be disturbed.

Judgment affirmed at plaintiff's costs in both Courts.