Simien vs. Perrodin et als.

## No. 1203.

**BAPTISTE SIMIEN, ADM'R, ET AL. VS. J. AND A. PERRODIN ET ALS**

Land held under a certificate of entry enters the domain of private property and becomes a subject of contracts, and is fully under the operation of our laws touching the property rights of all classes of persons, and such certificate is sufficient evidence to support a petitory or other real action.

Where land is entered in the name of the wife during the marriage, but the patent issued after the community is dissolved by a judgment, the land will be presumed to be an acquisition of the community. The title dates from the certificate and not from the patent.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth, J.*

*K. Baillio* for Plaintiffs and Appellants.

*F. F. Perrodin, E. D. Estillette* and *C. W. Duroy* for Defendants and Appellees.

———

The opinion of the Court was delivered by

Todd, J.   The plaintiffs, administrator and heirs of Margaret Provost, bring this petitory action to recover the land described in their petition.

They allege that the land was acquired from the United States government by the said Margaret Provost, by entry in her own name and right, and after she had been separated in property from her husband, François Simien, by a proper judgment.   The plaintiffs are all the issue of the marriage between said parties.

The defendants claim title to the property under a sheriff's sale, in a proceeding directed against François Simien, the husband.

The judgment of the District Court was in favor of the defendants and plaintiffs appeal.

The property having been acquired during the marriage is presumed to belong to the community of acquets and gains resulting from the marriage, notwithstanding the title may have been taken in the name of the wife.

The certificate of the register and receiver shows the entry in the name of the wife, and the patent is also issued in her name.   The first bears date before the judgment of separation, and the latter after its rendition.

The plaintiffs' counsel contend that the land was acquired by the mother of the plaintiffs, by or through the patent, which, as stated, issued when she had the capacity to acquire in her own name and right, being separated in property.   The defendants contend that the acquisition must date from the certificate of entry, or the receipt that evidenced the payment of the money for the land.

The whole case hinges upon the determination of this question.   It is true, that a wife, though not separated in property, may acquire in her own right during the marriage, where the title is taken in her own name, and the price is paid with money that belongs to her separately, and which has never been under the administration of her husband, or is taken in payment or restitution for a debt of the husband.   The testimony, however, fails to satisfy us that the case falls within any of these exceptional conditions, and we must determine whether the property was acquired before or after the rendition of the judgment of separation, or, in other words, whether the certificate or the patent must control with respect to the title.

Though we have been cited to no authority on this vital question by the defendants' counsel, either in their oral or written argument, we have given the question an exhaustive examination, and our conclusion is, that the acquisition must date from the date of the receiver's certificate, in other words, from the entry of the land.

From the repeated adjudications of our own courts on the subject, we gather the settled doctrine to be this:

That whilst a receiver's receipt or certificate is not of equal dignity with a patent, as showing the complete and absolute divestiture of the title of the government, yet that land, so held under the former, enters fully into the domain of private property; that such certificate of entry is sufficient evidence of title to support a petitory action; that the land is subject to taxation, unless reserved therefrom by special congressional legislation; that it is the subject of any kind of contract under the operation of our laws touching the rights of each and every class of persons in their various and manifold relations. 4 N. S. 260; 10 L. 159; 11 L. 321; 19 L. 334; 4 An. 262; 5 An. 197; 9 An. 137; 13 Peters, 436; 3 Howard, 461.

It is, however, suggested that the rights of the wife, separated in property, must be determined, not by the date of her judgment, but by the date of the filing of her petition in the separation suit, since all property acquired by her after the institution of the suit, if followed by a proper judgment, must be held paraphernal, and it is urged that we should presume that the proceeding or suit commenced, in this instance, before the entry of the land was made. The absence of proof showing when the separation suit began cannot be supplied by presumption— there is no room for presumption—and we might just as well, or even more reasonably, conclude that the filing antedated the judgment by six days as by six months.

Entertaining these views of the matters in controversy, we cannot disturb the judgment of the lower court, and it is therefore affirmed with costs.