(33 South. 590.)

No. 14,445.

HARGRAVE et al. v. MOUTON.*

(Jan. 19, 1903.)

PETITORY ACTION—DECLARATION—RES JUDICATA—SUCCESSORS TO TITLE—ADVERSE POSSESSION.

1. A plaintiff in a petitory action must declare upon all the titles, held by him at the time the suit is brought, through which he pretends to the ownership of the land involved.

2. A final judgment rendered by a court of competent jurisdiction, on the merits, is a bar to any future suit between the same parties, or their privies, upon the same cause of action.

3. Successors to, or ayans-cause of, the parties in the original suit are, in legal contemplation, the same as such parties, provided they acquired their title after the institution of the original suit.

4. Where, in petitory action between a party claiming land under a certificate of entry from the general government and another claiming under a certificate of purchase from the state, final judgment was rendered in favor of the latter and against the former, such judgment will be res judicata against another action to recover the same land under a United States patent subsequently issued based on the same certificate of entry—the parties being the same actually, or in legal contemplation.

5. And such judgment in favor of the holder of the state title furnishes a sufficient basis of prescription of 10 years as against those who shall, thereafter, claim under and through those cast in the suit.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Vermilion; Minos T. Gordy, Jr., Judge.

Action by Levy Hargrave and others against Joseph Mouton. Judgment for defendant, and plaintiffs appeal. Affirmed.

L. L. Bourges, for appellants. Broussard, Kitchell & Bailey, for appellee.

BLANCHARD, J. This is a petitory action. Plaintiffs claim to be owners of the fractional northeast quarter of section 36, township 13 south, range 2 east, parish of Vermilion, containing 80 and a fraction acres.

They pray for recognition of their title, for possession and for rents.

Joseph Mouton is a nominal defendant only. He was sued because occupying the property in question. He answered disclos-

*Rehearing denied February 16, 1903.

ing that he held it by lease from Aurelien Theall, and asked that the latter be called in to defend his rights. This was done.

Theall filed as a peremptory exception the plea of res judicata. Likewise the plea of prescription of 10 years.

Both these pleas were maintained, and from this adverse judgment plaintiffs appeal.

Ruling—Plaintiffs claim title from Charles Harrington and George Hargrave, who died years ago. It is asserted that Harrington and Hargrave owned a military warrant and that in the year 1836 they located the same on the land in question, which land at the time pertained to the public domain of the United States, and was subject to entry by means of said military warrant.

It is represented that through an error in the spelling of the name of Hargrave the location or entry was suspended until the year 1899, when patent for the land issued from the general government in the name of Harrington and Hargrave, and that said patent inures to the benefit of plaintiffs as descendants and heirs of the said Harrington and Hargrave.

Defendant Theall claims title to the land through mesne conveyances, acts of partition, exchange and donations from Lambert Broussard, and it is asserted that Lambert Broussard acquired the land by purchase from the state of Louisiana in 1858, patent therefor issuing from the state in 1876 to him, predicated upon the certificate of purchase given him in 1858.

It is further claimed on the behalf of Theall that the state of Louisiana acquired the land from the general government under the swamp land act of 1849, through proper selections made and approval thereof.

The plea of res judicata arises in this wise: —About the beginning of the Civil War (say in the year 1860 or 1861) Charles Harrington and George Hargrave instituted suit in the district court of Vermilion parish against Lambert Broussard setting up title in themselves to the land in question, which, prior to that date, the said Broussard had purchased from the state of Louisiana.

Long prior to the institution of this suit Harrington and Hargrave had, as shown above, located the land by means of the military warrant aforesaid, and a certificate of purchase, dated January 20, 1866, had been

issued to them from the local United States land office.

The courthouse in Vermilion parish was destroyed by fire in 1885 and the record of the suit brought as above set forth was lost.

It is proven by parol testimony, however, that the suit was brought by Harrington and Hargrave against Lambert Broussard; that it involved the land in question; that the issue raised in the suit was whether Harrington and Hargrave, of the one part, owned the land, or whether Broussard owned it; that the suit was regularly tried; that judgment therein was rendered in favor of Broussard, decreeing the ownership of the land to be in him, and rejecting the demand of Harrington and Hargrave; and that no appeal was taken from this judgment.

It is shown that Broussard took possession of the land shortly after his purchase from the state and resided upon it, and that soon after the close of the Civil War, and some time after the lawsuit had been decided in his favor, he sold the land to Joseph Nunez, from whom defendant's title descends.

On this proof the plea of res judicata was properly sustained.

The thing demanded in the former suit and that demanded in this is the same; the cause of action is the same; and, in contemplation of law, the parties are the same.

It is not pretended that Harrington and Hargrave, in their suit against Broussard, claimed to own the land by any other muniment of title than that derived through the location of their military warrant, and even if they had other claim to it, it was incumbent on them, suing to be declared owners, to set up all such title as they had at the time. Shaffer v. Scuddy, 14 La. Ann. 582.

The thing claimed by Harrington and Hargrave in 1860 or 1861 against Lambert Broussard is the identical thing now claimed by their privies and heirs in the present suit against the assigns of Broussard.

The cause of action is the same, for the present plaintiffs claim under the same title Harrington and Hargrave set up, or were bound to set up, in their suit against Broussard claiming the ownership of the land, and Theall, the defendant herein, holds under the same title Broussard then asserted and vindicated.

The parties are the same in legal contemplation, for it is a rule of law that a final judgment rendered by a competent court on the merits of a controversy is a bar to any future suit between the parties litigant, or their privies, upon the same cause of action. Heroman v. Institute, 34 La. Ann. 805; Sewell v. Scott, 35 La. Ann. 553.

Successors to, or ayans-cause of, the parties in the original suit are considered in law as having been parties themselves where their titles have been acquired since the institution of the action in which the original judgment was rendered. Delabigarre v. Second Municipality, 3 La. Ann. 236.

Plaintiffs herein are the successors or ayans-cause of Harrington and Hargrave; the defendant, Theall, of Lambert Broussard.

The case of Broussard v. Broussard, 43 La. Ann. 921, 9 South. 910, is very similar to the one at bar. It was there held that where, in a petitory action between a party claiming under a certificate of entry and another claiming title under a patent from the state, final judgment is rendered in favor of the latter and against the former, such judgment will be res judicata against another action to recover the same land under a United States patent subsequently issued based on the same certificate of entry, when the parties to the suit are the same.

This brings us to the plea of prescription.

The contention of defendant is that from the moment Harrington and Hargrave purchased the land in 1836 from the general government, and before formal patent issued, the same became segregated from the public domain and acquired the status of private property, and as such came fully under the operation of our laws as to taxation (unless reserved therefrom by congressional legislation), contracts, prescription and the like.

See Laidlaw v. Landry, 12 La. Ann. 151; Simien v. Perrodin, 35 La. Ann. 931; Broussard v. Broussard, 43 La. Ann. 921, 9 South. 910; Broussard v. Pharr, 48 La. Ann. 230, 19 South. 272; Gay v. Ellis, 33 La. Ann. 250; Pepper v. Dunlap, 9 La. Ann. 137; Carroll v. Safford, 3 How. 461, 11 L. Ed. 671.

Certain it is that when Lambert Broussard, in the 60's, in the suit then brought against him by Harrington and Hargrave claiming the land under the identical title now set up by plaintiffs, save that patent

has since issued, succeeded in defeating their title and in sustaining his own derived from the state and maintaining his possession of the land thereunder, a basis of prescription of 10 years immediately came into existence as against those who should, thereafter, claim under and through Harrington and Hargrave, provided possession as owners continued in Broussard and those deriving title from him, even if such basis, as contended by plaintiffs herein (considering the patent had not yet issued), did not exist independent of the judgment in said suit.

The evidence establishes that defendant Theall, himself, had been in the peaceable, quiet, possession of the land as owner for more than 10 years prior to the institution of this suit. His acquisition of it was begun and continued in good faith.

We think 'the plea of prescription was properly sustained. Civ. Code, arts. 3478 to 3485, inclusive.

The judgment appealed from is affirmed at the costs of the appellants in both courts.

Judgment affirmed.