This is an action to quiet tax title and for a monition. The property involved, a 76 acre tract of land in La Salle Parish, was sold at tax sale on November 26, 1932, to J.N. Gray. The sale was made for delinquent taxes of 1931, the property being assessed in the name of Sallie Douglas, who died in July, 1931. The tax deed contained a recital to the effect that the formalities of law had been observed.
By deed of date January 27, 1938, the property in controversy was purchased by Lena Walker from J.N. Gray, the purchaser at tax sale, and the plaintiffs in this suit are Lena Walker and her vendees; the defendants are the heirs of Sallie Douglas.
There was judgment in favor of plaintiffs, from which judgment defendants appealed.
Plaintiffs have filed a motion to dismiss the appeal of all the defendants except Lizzie Lewis, which motion is based on the failure of all defendants, save Lizzie Lewis, either to file bond or to be relieved of the necessity of giving bond; that, accordingly, the appeal has not been perfected and should be dismissed as to all defendants except Lizzie Lewis.
In answer to the motion to dismiss, the defendants have filed a pleading which alleges that on December 19, 1941, Lizzie Lewis acquired the interest of certain named defendants in and to the Estates of Aaron and Sallie Douglas, deceased, and that as to the other appellants, Lizzie Lewis "prosecutes this appeal for them", and the pleading further states that all of the named appellants are related by blood.
To this pleading the plaintiffs have interposed a plea of estoppel based on the ground that certain of the defendants in their motion for an appeal, dated April 10, 1942, represented themselves as being owners in indivision of the property in controversy, and that consequently the said defendants were estopped to later claim that they had assigned their interest to Lizzie Lewis, the only defendant who has properly perfected an appeal.
Aside from the allegations of the conveyance, in the pleading of the defendants above referred to, there is no evidence in the record to show that Lizzie Lewis had acquired any interest from her co-defendants. Lizzie Lewis, upon her application and by proper order of the court, was relieved of the necessity of giving bond to prosecute this appeal, but there is neither bond nor order dispensing with bond on the part of any of the other numerous defendants.
While we think plaintiffs' plea of estoppel is good, we are of the opinion that even without such plea the motion to dismiss the appeal should be sustained.
Appellants are bound by the representations made in their motion for appeal and cannot later be heard to deny or controvert the facts alleged therein. *Page 841 
The unproven and unsubstantiated allegation of a change in ownership which would affect the identities and interests of parties before the Court on appeal cannot be recognized.
We know of no authority for the proposition that an individual appellant is authorized to prosecute an appeal on behalf of other appellants simply because of blood relationship existing between them.
For these reasons the motion to dismiss the appeal is sustained as against all appellants, with the exception of Lizzie Lewis, the only one who has properly perfected an appeal to this Court.
With reference to the subject matter of the suit, plaintiffs have filed pleas of prescription of three and five years based upon the provisions of Section 11 of Article X of the Constitution of the State of Louisiana of 1921, as amended.
Two of the points raised by the defendants may be briefly disposed of. The first is the contention that the property in question should have been assessed in the name of all the heirs of Sallie Douglas. The requirement of the statute, Act No. 140 of 1890, § 2, provides that property shall be assessed in the name of the record owner. Bearing in mind that Sallie Douglas did not die until July, 1931, and that no succession proceedings were had with reference to her estate, there can be no question but that the assessment in the name of Sallie Douglas was a strict and proper compliance with law.
It is also urged on behalf of the defendants that the tax sale of November 26, 1932, was a nullity in that such sale contravened the provisions of concurrent resolutions as embodied in Acts Nos. 2 and 3 of the Regular Session of the Legislature of 1932. We find no merit in this contention since the resolutions themselves definitely set forth the purpose thereof as being the postponement of the collection of taxes and the temporary suspension until October 15, 1932, of the operation of all laws relating to the seizure, advertisement and sale of property upon which delinquent taxes are due.
Certain other points urged in brief of defendants' counsel are dehors the record and therefore do not necessitate discussion in this opinion.
Aside from the contentions above noted, defendants have attacked the validity of the tax deed of November 26, 1932, on the grounds that proper notice of delinquency had not been given the tax debtor; that the assessment did not properly nor sufficiently describe the property sold for taxes; and that there was collusion between the purchaser at tax sale and one of the co-heirs who was in possession of the property at the time of the sale and lived thereon following the sale, in this connection asserting the proposition that this possession inured to the benefit of the co-heirs of the possessor.
The defense of lack of notice of tax delinquency must be considered in connection with the claim of possession on the part of the tax debtors. The testimony in the record conclusively establishes the fact that there was no possession of the character necessary, nor for a sufficient period of time to serve as an adequate answer and defense to the plea of prescription. Granville Douglas, one of the heirs of Sallie Douglas, did remain on the property for a period of something like two years after the date of the tax sale, but it is definitely established that the second year of this period he retained possession of the property as lessee of J.N. Gray, the purchaser at tax sale. However, regardless of the character or nature of his possession, he had not been on the property nor in any sense possessed the same for a period of more than five years prior to the filing of this suit.
With regard to the actual service and receipt of the notice of tax delinquency, it is well settled that recitals in the tax deed to the effect that all formalities of law have been complied with, is a sufficient protection to those who hold under such deeds, unless and until such recitals and the presumptions of law are affirmatively attacked and disproved by the opponents. Ward v. South Coast Corp., 198 La. 433, 3 So.2d 689; Regina Lbr. Co., Inc., v. Perkins, 175 La. 15, 142 So. 785; Federal Land Bank v. Scallan, 179 La. 636, 154 So. 632.
The burden of proof, in view of the recitals of the tax deed in the instant case, was upon the defendants to establish the failure of the proper authorities to give notice, as well as the failure of receipt of the notice. The evidence does not show that the defendants assumed and discharged this burden of proof.
With reference to the description of the property assessed in the name of Sallie *Page 842 
Douglas, defendants contend that the description both in the assessment and in the tax deed are so vague, erroneous and indefinite that the deed itself should be regarded as absolutely null.
The description in the assessment in the name of Sallie Douglas for the year 1931 reads as follows:
"76 acres situated in T. 7 N.R. 3 East as per deed recorded in Book `11', page 400; Lot 3 of the Partition of the NE 1/4 of SE 1/4; E 1/2 of NW 1/4 of SE 1/4 Sec. 22. T. 8 N.R. 3 East."
Since the property beginning with the words "Lot 3 of the Partition * * *" is not concerned in this suit, we confine our attention to that part of the above description dealing with the 76 acre tract in dispute here. The Lot 3 is a separate, noncontiguous tract some miles distant from the property involved in this suit.
It was definitely established on trial of this case that the 76 acre tract and the tract of land described as Lot 3 were the only properties owned by Sallie Douglas in La Salle Parish. Counsel for the defendants has earnestly urged in support of his attack upon the sufficiency of the description, that the instrument recorded at page 400 in Book 11 is in fact not a deed, and further that the description does not permit of an accurate location of the tract of land in any particular part of Township 7.
It is true that the instrument recorded in Book 11 at page, or folio, 400 of the Conveyance Records of La Salle Parish, Louisiana, is not a deed. As a matter of fact, this instrument is a surveyor's detailed description of Sallie Douglas' 76 acre tract of land. However, since the character of the instrument set forth in a certain book and page of established records is unimportant if the description referred to is sufficient, it necessarily follows that the mere reference to an instrument as a deed when in fact it was an instrument of another character, does not affect the validity either of the assessment or the tax deed containing such description.
As to the claim that the location of this particular tract is not definitely fixed by the description referred to, we find no support in the record for such a conclusion. On the contrary the facts in this case are convincing that the description of the property on page 400 of Book 11 was an accurate and certain description of the 76 acre tract of land owned by and assessed to Sallie Douglas for the year 1931.
It is well established by our jurisprudence that the description of property in an assessment or a tax deed is sufficient if the description admits of a reasonably certain identification of the property assessed and sold. Tillery v. Fuller, 190 La. 586, 182 So. 683, and cases therein cited.
As to the claim of collusion, we do not find that this attack upon the validity of the sale is supported in any degree by the evidence. Only a feeble attempt was made on trial of the case to sustain this charge and there is not by any means sufficient affirmative proof to justify a finding of collusion. The most that can be said in favor of the defendants' contentions in this connection is that there is some testimony in the record to the effect that they relied upon one of their co-heirs living on the tract of land in question to pay the taxes. Certainly these plaintiffs, holders of the record title in good faith, cannot be charged with any responsibility for the failure of this particular co-heir to properly discharge the trust imposed in him.
For the reasons given, the pleas of prescription of three and five years are sustained and the judgment of the District Court is affirmed.