### SPEARS et al. v. TAX COLLECTOR OF LA SALLE PARISH, LA., et al.

Civ. A. No. 630.

District Court, W. D. Louisiana, Alexandria Division.

Aug. 23, 1943.

I. H. Spears, pro se, for plaintiffs.

Elmo P. Lee, Sr., of Shreveport, La., and P. S. Gaharan, Jr., of Jena, La., for defendants.

DAWKINS, District Judge.

Plaintiffs, I. H. Spears, a citizen of California, E. D. Carter, Sallie Carter Perryman, Clem Carter and Robert Carter, citizens of Texas, alleging themselves to be the heirs of Aaron and Sallie Douglas, brought this suit "to cancel the following instruments of record * * * as a cloud on the title of petitioners:

" '(a) Tax sale deed Sallie Douglas by L. M. Davis, Tax Collector to J. N. Gray, dated November 26, 1932, recorded in conveyance record Book "T" page 84.

" '(b) Deed, J. N. Gray to Granville Douglas, dated, 2–7–'34, recorded in Book "T" page 456.

" '(c) J. N. Gray, deed to Lena Walker, dated Jany 27, '38, recorded in Conveyance Book "X" page 341.

" '(d) Granvill Douglas, Lease to Lena Walker, dated, 8–7–'41, recorded in Conveyance Lease record "7" page 239.

" '(e) Judgment recorded in conveyance record "DD" at page 525.' "

They prayed that they be "adjudged to be the owners in fee simple title to the lands described in this petition" and for "an accounting" for rents and revenues.

The defendants named are J. N. Gray, Granville Douglas and F. Lena Walker. The grounds alleged as justifying cancellation of the documents mentioned are:

That Aaron Douglas died in 1903, leaving 70 acres of the property, (there being a total covered by the tax sale of 106 acres), belonging to the community between him and his said wife, Sallie Douglas, and the following children, issue of their marriage: Richard Douglas, Lizzie Douglas, Lewis Douglas, Susie Douglas, Lucious Douglas, Nick Douglas and Rose Douglas "as his sole surviving heirs", who inherited their father's one-half of the community; that Sallie Douglas died in July, 1931, leaving her community one-half interest in the said 70 acres and, in addition, the other 30 acres in another tract as her separate property; that shortly after the death of the said Sallie Douglas in 1931, all the heirs met at the family residence on the 70 acres of land and agreed with Granville Douglas that he might remain thereon, in consideration of his keeping the

taxes paid, which he failed to do, but colluded with one J. N. Gray to have the property sold at tax sale to Gray, and after delays for redemption had expired, Gray would sell and convey a part thereof to the said Granville Douglas; and that this scheme was sought to be carried out by the sale for taxes on November 26, 1932, above mentioned; and that on November 17, 1934, the said Gray in fulfillment of the scheme, executed the second instrument attacked above, conveying part of the property to Granville Douglas; and that on "the ——— day of ———, 1938," Gray "attempted to convey to Lena Walker (one of the defendants herein) the 70 acres described in this petition."

Further, that said tax sale was a nullity because of the passage of concurrent resolutions by the Legislature of the State of Louisiana at its session in 1932 (Acts Nos. 2 and 3), suspending the laws for the collection of all 1931 taxes until October 15, 1932; that the property was offered for sale for the taxes of 1931 in November 1932; that no "notice was given to the property owner as required by law;" that the property was not sufficiently described on the assessment rolls, in the notice of sheriff's sale, nor in the purported tax deed, to permit its identification; that the said land was in different and separate tracts; that it was described and offered for sale "together in violation of law"; and that "no proces verbal" was prepared and there was no publication of the sale.

Further, that a monition proceeding had been brought in the State Court for La Salle Parish by "F. Lena Walker et als. vs. Richard Douglas et als." and a judgment rendered on April 10, 1941, which plaintiff alleges is a "nullity and clouds the title of petitioners since said judgment is of record in the conveyance records of La Salle Parish * * * for the reason same was entered without authority of law * * *".

The prayer was that petitioners' "title * * * be quieted and confirmed and they be adjudged to be the owners of the fee simple title to the lands described in this petition" and for an accounting "for rents and profits and damages in such sum as may be found due * * * in no event to exceed Fourteen Thousand Dollars." This suit was filed on March 5, 1942.

Defendants first filed a motion to dismiss, but the same was subsequently withdrawn, and a plea of res adjudicata interposed,

based upon proceedings which had been instituted in the State Court on January 17, 1941. The State Court suit was brought under sections of the Revised Statutes of Louisiana for the quieting of a tax title, commonly known as monition, in which all persons, having or claiming any interest in the property involved in a tax sale, are cited to appear and defend their said claims. The plaintiffs in the State suit were named as F. Lena Walker, Clarence B. Walker and Mrs. B. T. Goodwin, residents of La Salle Parish, La., J. H. Bradford, Sr. of Houston, Texas, Thomas A. Bradford of Jena, Louisiana, both individually and as administrator for the interdict, Charles V. Bradford, B. L. Bradford of Houston, Texas, J. H. Bradford, Jr., H. M. Bradford and D. E. Bradford, Arthur Shuey and Conway Stroud, all of Caddo Parish, La., and Mrs. W. F. Roberts, a resident of Morehouse Parish, La.

The property was described by metes and bounds and was alleged to contain 76 acres and to have been purchased at the tax sale of November 26, 1932, referred to in the suit of plaintiff in the present case. It was alleged in the State suit that the tax sale had been made to J. N. Gray for the delinquent taxes for the year 1931, as the property of Sallie Douglas, and that the deed had been recorded in conveyance book T p. 84 of the records of La Salle Parish; that Gray had on January 27, 1938, conveyed it to Lena Walker, as per deed in conveyance book X p. 341 of said parish; that Lena Walker on January 28, 1938, had conveyed it to C. B. Walker, who reserved all the minerals, as per deed in said book, at p. 342; that on December 13, 1939, C. B. Walker had reconveyed 46 acres of the land to Lena Walker; that on June 14, 1938, Lena Walker had conveyed one-eighth of the minerals to J. H. Bradford, Sr., as per deed in book X, p. 13; that J. H. Bradford, Sr. died, leaving a surviving widow in community and the following heirs: C. B., T. A., B. L., J. H. Jr., H. M. and D. E. Bradford and Mrs. W. F. Roberts (nee Bradford), Mrs. D. D. Pyburn (nee Bradford), and Mrs. B. T. Goodwin (nee Bradford); that on August 27, 1940, F. Lena Walker conveyed to Conway Stroud one-fourth of the minerals in the property as per deed in book BB p. 67; that on September ——, 1940, she also conveyed to Arthur Shuey one-eighth of the said minerals as per deed in book BB p. 334.

Further, that more than five years had elapsed since the recordation of the deed

from Sallie Douglas to J. N. Gray "and no proceedings to annul the said sale for taxes had been instituted by the former proprietors of the property and that there should be judgment herein confirming the said title"; that Sallie Douglas was the former owner, and that her surviving heirs were as follows: Richard Douglas, Granville Douglas, Lizzie Douglas Lewis, Susie Douglas Wooten and Lucious Douglas, and the heirs of Nick Douglas, who died in 1936, namely: Lucious Douglas, Mary Douglas Franklin, Avis Douglas, Susue Douglas Dean, Nick Douglas, Jr., Merl Douglas and Frank Douglas, and the following heirs of Rose Douglas Carter, deceased daughter of Sallie Douglas, namely: E. D. Carter, Will Carter, Robert Carter, Sallie Carter Perryman and Clem Carter.

Petitioners prayed for a monition "calling upon all persons who can set up any right in consequence of any informality, irregularity, or illegality in the said sale or for any other defects whatsoever, to show cause within 30 days * * * why the tax sale * * * to J. N. Gray should not be confirmed and homologated."

They prayed for service upon the Louisiana residents and for the appointment of a tutor ad hoc to represent minor defendants. The State Court appointed attorneys at law as tutor ad hoc for the minors and as curator ad hoc for unknown heirs of Sallie Douglas, who accepted, took the oath and qualified as such. Subsequently, amended petitions were filed to more clearly show the residence and names of defendants and persons claiming any interest in the property.

Several intervening pleadings were filed and disposed of in the State Court and on March 17, 1941, the following persons appeared and answered to the merits, to-wit: "Now into Court come Richard Douglas, Lizzie Douglas Lewis, Susie Douglas Wooten and Lucius Douglas, children of Sallie Douglas, deceased; and Mary Douglas Franklin, Avis Douglas, Susie Douglas Dean, Lucius Douglas, and J. M. Henagan, Tutor ad hoc to the minors, Nick Douglas, Jr., Merl Douglas and Frank Douglas, the said minors and the four respondents named immediately preceding them being the heirs of Nick Douglas, a deceased son of Sallie Douglas; E. D. Carter, Will Carter, Robert Carter, Sallie Carter Perryman, and Clem Carter, said last named persons being children of Rosa Douglas Carter, made defendants in the above styled and numbered cause, and * * * ."

All the paragraphs of the petition were put at issue by denial or admission. Respondents then pleaded the following in substance as defences to the monition for quieting the tax title: That Sallie Douglas had owned 76 acres of land on April 31, 1931, and that she died "leaving respondents and one Granville Douglas as her sole heirs; and that respondents are now owners of the property described in plaintiffs' petition * * *"; that the assessment role of La Salle Parish was filed "on or about December 1st, 1931, several months after the death of the said Sallie Douglas, and contained the following assessment of land assessed in the name of Sallie Douglas (in so far as the present suit is concerned) to-wit: "76 acres being situated in Township 7 North, Range 3 East, as per deed recorded in Book 11, page 400;" that on November 26, "a purported" tax deed was made by the sheriff to J. N. Gray, but that the same should be declared null and void for the following reasons: (a) Insufficient description, (b) failure to give legal notice of the tax sale to respondents and (c) a conspiracy between Gray and Granville Douglas all in practically the same words as alleged in the present suit; and with respect to the balance of approximately 30 acres covered by the tax deed "which lands are now claimed by Granville Douglas reserving fully their rights" to claim the same.

Respondents prayed that plaintiffs' demands be rejected; that the tax sale of November 26, 1932, be declared null and void; and that "they be decreed to be the owners of the property involved herein" except as to the remainder standing in the name of Granville Douglas and "entitled to the full and undisturbed possession of the same * * *."

Respondents also filed an amended and supplemental answer, charging that Granville Douglas had remained in possession of both tracts for more than two years after the tax sale, and that his possession, as one of the heirs, was the legal possession of respondents and of all other heirs.

Appearance and answers were made by the tutor ad hoc and curator ad hoc on behalf of those whom they represented, putting at issue the claims of the plaintiffs and joining in the defences made in detail by the other heirs in the main answer above referred to.

Plaintiffs in the monition suit then filed pleas of prescription of three and five years under section 11 of Art. 10 of the State Constitution.

The case was tried on April 10, 1941, and the State Court gave judgment for the plaintiff and "against the defendants Richard Douglas, Granville Douglas, Lizzie Douglas Lewis, Susie Douglas Wooten, Lucius Douglas, Lucious Douglas (heir of Nick Douglas), Mary Douglas Franklin, Avis Douglas, Susie Douglas Dean, Nick Douglas, Jr., Merl Douglas, Frank Douglas, E. D. Carter, Will Carter, Robert Carter, Sallie Carter Perryman, Clem Carter, Joseph Carter, Le Roy Carter, and the unknown heirs of Sallie Douglas, or the heirs of such heirs if there be any such, confirming and quieting the title of plaintiffs * * * " to the "76 acres more or less and being the same land purchased by J. N. Gray at the tax sale on the 26th of November, 1932, and recorded in book T. at p. 84 of the conveyance records of La Salle Parish, La.", and enjoined the defendants "from claiming or setting up any right, title or interest in and to the said property or any portions thereof". The decree found that the plaintiffs had made out their demands for relief in all particulars; that the "monition was granted on the 10th day of January 1941, under Revised Statutes of Louisiana, Nos. 2370 and 2380, as amended by the Act 145 of 1928," and otherwise the law had been complied with and the tax sale "was confirmed and homologated," as if no opposition was made, and that the title of plaintiffs here to the said property be and the same is hereby made perfect and complete."

Defendants in that suit, represented by the present counsel, I. H. Spears, who is also a plaintiff here, filed a long petition for appeal, reiterating in detail the defenses which had been urged in the trial court and the latter allowed the appeal, fixing bond in the sum of $100. One of defendants therein, Lizzie Douglas Lewis, upon making the necessary showing by affidavits, was permitted to prosecute the appeal without payment or security for costs. After the transcript was lodged in the Court of Appeals for the Second Circuit, a motion to dismiss was filed as to all appellants, except Lizzie Lewis, based on their "failure * * * either to file bond or to be relieved from the necessity of giving bond; that accordingly the appeal has not been perfected and should be dismissed as to all defendants, except Lizzie Lewis * * *".

In answer to this motion "defendants filed a pleading which alleges that on December 19, 1941, Lizzie Lewis acquired the interest of certain named defendants in and to the Estates of Aaron and Sallie Douglas, deceased, and that as to the other appellants, Lizzie Lewis 'prosecutes this appeal for them' and the pleading further states that all the defendants are related by blood."

The Court proceeded to hold that the appeal could not be sustained either by the pleadings, facts alleged, or the law, and dismissed it except as to Lizzie Lewis. As to her it took the case up on its merits, and held that "the pleas of prescription of three and five years are sustained and the judgment of the District Court is affirmed." Walker v. Douglas, La.App., 12 So.2d 839, 842.

Application for certiorari or review was made to the State Supreme Court but was denied and the judgment became final on April 12, 1943.

It thus appears that the present suit was filed on March 5, 1942, nearly a year after the judgment of the State Court had been rendered and filed on April 10, 1941, and while the attempted appeal of the defendants therein was pending before the Court of Appeals, whose decision was rendered February 1, 1943. The grounds for relief against the tax title in this court are in all particulars and in substance the same as those in the State Court. All the present plaintiffs (except I. H. Spears), to-wit: E. D. Carter, Sallie Perryman, Clem Carter and Robert Carter, were defendants in the State Court, and Spears, in the present case, alleges that he is the assignee of Richard, Lizzie, Lucious and Susie Douglas, all of whom were likewise respondents in the monition suit. He is therefore in privity with the defendants in that suit, the identical property is involved here and the judgment is binding upon him along with them. The question in both instances was and is as to the validity of the sale for taxes in the name of Sallie Douglas to J. N. Gray on November 26, 1932, and it has been decided adversely to the present plaintiffs in the State Court. It does not matter that all the defendants in that case are not before this Court, or that the remaining 30 acres claimed by Granville Douglas are not in-

volved. The 76 acres, the subject of this suit, is the same and the claims of all the plaintiffs herein have been foreclosed. Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671; Hargrave v. Mouton, 109 La. 533, 33 So. 590; and United States v. New Orleans Pac. Ry. Co., D. C., 52 F.2d 246.

The plea of res adjudicata will therefore be sustained and plaintiffs' demands will be rejected. Proper decree should be presented.