SPEARS et al. v. TAX COLLECTOR OF LA SALLE PARISH et al.

No. 917.

District Court, W. D. Louisiana, Alexandria Division.

May 1, 1944.

I. H. Spears, of Pasadena, Cal., pro se and for plaintiffs.

J. M. Henagan, of Jena, La., for defendant Granville Douglas.

PORTERIE, District Judge.

This is a suit brought by L. H. Spears and others seeking to set aside a tax deed wherein J. N. Gray acquired at tax sale two separate tracts of land; one of which (76 acres) he sold to Lena Walker, and the other (30 acres) he sold to Granville Douglas.

Defendant Lena Walker filed a plea of res adjudicata which was sustained by the court (D.C., 51 F.Supp. 8), as to the 76-acre tract of land only. This leaves as the subject matter of the suit only the 30-acre tract, of which Granville Douglas is the recorded owner.

A plea to the jurisdiction has been filed by him, based on the contention that the value of the land now involved is far less than the amount of $3,000, the amount required to vest jurisdiction. This case for jurisdiction is based solely upon diversity of citizenship and the amount of more than $3,000 being involved. Oral evidence was adduced in open court on January 24, 1944, with opponent fully notified of the hearing.

One responsible and dependable witness, aged seventy, born and reared in the parish of the situs of the property, and whose lifelong experience has been in the land and timber business, testified that the 30-acre tract of land with all improvements was worth $500. A second witness, the chief deputy assessor for the same parish for a period of seven years, testified that the value of the property with all improvements was $600. Granville Douglas, the owner of the property, testified that the value was $500. A certificate from the assessor showed that the assessment for state and parish tax purposes of the 30-acre tract with improvements was $140 for each of the years 1941, 1942, and 1943.

Quoting from the allegations of the petition as to the value of both tracts of land, we find in Article 2: "That the matter in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars, to-wit: One Hundred and Six acres of oil land situate in La Salle Parish, Louisiana of the value of Ten Thousand Dollars * * *." In Article 3: " * * * to damage of plaintiffs in the sum of twenty-five hundred dollars, plaintiffs say, the rental value of said land and premises is three hundred dollars per annum; that the defendants have failed to pay same or any part thereof." Then finally, in Article 14, part of the prayer, we have: "Petitioners ask an accounting for rents and profits and damages in such sum as may be found due upon an accounting and in no event to exceed Fourteen Thousand Dollars; and such other and further judgments, orders and decrees, both at law and in equity as may be proper."

■ Though there be no separate value of the two tracts given, from the dependable and clearly preponderating evidence in the record at the hearing of the plea to the jurisdiction, it is very apparent that values were grossly exaggerated. It is impossible for a judgment to reach $3,000 in the instant case involving only the 30-acre tract—and that conclusion is reached by us as a legal certainty. In the instant case we cannot see how the necessary amount of $3,000 had been reached in good faith, even when including the two tracts of land.

■ The plea to the jurisdiction must be sustained, because when the plea of res adjudicata was sustained as to the 76-acre tract, the status of the case was as if the 76-acre tract had never entered into and formed a part of the suit. Once the thing is adjudged, logically and legally, it can never become a part of a suit. The cause of action was dead and could not be resuscitated; when the court sustained the plea, it was merely the judicial declaration of the pre-existing status.

This judicial declaration was made in Spears v. Tax Collector, D.C., 51 F.Supp. 8, and the pre-existing status was fixed in the case of Walker v. Douglas, La.App., 12 So.2d 839.

■ The minutes show that the judgment sustaining the plea of res adjudicata was signed on October 22, 1943, and that no appeal has been taken to this date. Consequently, the issue is dead, as the period of appeal has passed. Simon et al. v. House et al., C.C., 46 F. 317.

We recognize that: "A suit to quiet title to parcels of real property or to remove a cloud therefrom, by which their use and enjoyment by the owner are impaired, is brought within the cognizance of the court under the statute only by the value of the property affected." 28 U.S.C.A. § 41(1), note 319.

Judgment sustaining the plea to the jurisdiction will be signed upon presentation.