DIXON, J.
In this succession proceeding there was a judgment placing the widow, Octa Causey Marlin, in possession. Subsequently, Billy Wayne Marlin filed a petition seeking judgment against Octa Causey Marlin setting aside the judgment of possession previously rendered and recognizing Billy Wayne to be the sole heir of the decedent, Isaac Urban Marlin.
There was a judgment in favor of Billy Wayne Marlin, setting aside the judgment placing Octa Causey Marlin in possession, and recognizing Billy Wayne Marlin as the grandson and sole heir at law of Isaac Urban Marlin. From this judgment, Octa Causey Marlin appeals.
*388 At issue here is the effect of an instrument which Billy Wayne Marlin contends was an act of adoption of Billy Wayne’s father by the decedent Isaac Urban Marlin. In that instrument of April 23, 1919, the name of Billy Wayne’s father was declared changed to Urban Marlin, Jr. Billy Wayne’s father, Urban, predeceased Isaac Urban Marlin, the alleged adoptive father.
The defendant-appellant, Octa Causey Marlin, opposed Billy Wayne’s claim in a plea of res judicata, an exception of no cause or right of action and a plea of “estoppel by judgment.” After trial on the merits, the district court found that the instrument of April 23, 1919 was in fact an act of adoption, and that Billy Wayne Marlin should be recognized as the grandson and sole heir of the decedent Isaac Urban Marlin.
The pleas of res judicata and “estoppel by judgment” filed by appellant were based on the judgment previously rendered in another suit in the same district in the year 1941. In that suit, which bore number 13,538, Urban Marlin, Jr. sued Isaac Urban Marlin, alleging that he was the adopted child of Isaac Urban Marlin and his wife, Eva Mae, by virtue of the act of April 23, 1919. The petition in No. 13,538 further related that Isaac Urban’s wife, Eva Mae, had died; that her succession had been opened by Mrs. Lucy Stepleton Green, her child by a prior marriage; that a judgment had been rendered recognizing Mrs. Green as Eva Mae Marlin’s sole heir and placing her in possession; that Mrs. Green subsequently sold to her stepfather, Isaac Urban Marlin, the defendant in No. 13,538, the interest of her deceased mother in land which had formed the community between Eva Mae and Isaac Urban Marlin. Urban’s petition prayed for judgment annulling the judgment previously rendered in the succession of Mrs. Eva Mae Marlin, decreeing him to be one of her heirs and the owner of a one-fourth interest in property which had formed the community between Eva Mae and Isaac Urban Marlin. (Lots 1 and 2, Block 8 of East McCormick Annex, Bossier City, Bossier Parish, Louisiana, appear in the inventory in the succession before us, and were also a part of the succession of Eva Mae Marlin.
To this petition there was filed an exception of no cause or right of action. The briefs arguing those exceptions were confined to the question of the validity of the act of April 23, 1919 as an act of adoption. There was judgment sustaining the exception of no cause of action, and dismissing Urban’s demands on February 13, 1941. No appeal was taken from that judgment.
Plaintiff-appellee, Billy Wayne Marlin, resists the exception of res judicata, arguing that Article 2286 of the Louisiana Civil Code must be strictly construed. That article provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Appellee first contends that the “thing demanded” in suit No. 13,538 and the “thing demanded” in the suit before us is not the same. With this we cannot agree. The validity of the purported act of adoption of April 23, 1919 was at issue in both suits; in suit No. 13,538 Urban prayed for recognition of his ownership in the property in the succession of Eva Mae Stepleton, which formerly belonged to the community which existed between Eva Mae and Isaac Urban Marlin. In the instant suit, Billy Wayne Marlin seeks to establish the validity of the act of April 23, 1919 as an act of adoption, and seeks a judgment recognizing his ownership in the property belonging to the succession of Isaac Urban Marlin. This we think is not only the same “thing demanded,” but the demand is also founded on the same cause of action.
It is true, as argued by appellee, that the parties to the two suits are not the same. *389 The plaintiff in suit No. 13,538 was Urban Marlin, Jr. The plaintiff in the suit before us is the son of Urban, Billy Wayne Marlin.
The defendants in suit No. 13,538 were Isaac Urban Marlin and Lucy Stepleton Green. The defendant in the suit before us is Octa Causey Marlin, the widow of Isaac Urban Marlin.
In Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965), the Louisiana Supreme Court recognized that successors are considered as parties under C.C. 2286.
Early Louisiana jurisprudence recognized that the parties mentioned in Article 2286 were identical in law if they were “successors to, or ayans cause of, the parties in the original suit.” In Delabigarre v. Second Municipality of New Orleans, 3 La.Ann. 230 (1848), it was stated at page 236:
“Another essential condition to maintain the exception of the thing adjudged is that, the parties be the same in both suits.
Successors to, or ayans cause of, the parties in the original suit are considered in law as having been parties themselves, provided always that they have acquired their title after the institution of the suit in which the original judgment was rendered. If the title was acquired before, the exception rei judicatae will not avail. Pothier, Oblig. nos. 901-904.”
Planiol contains the following reference to the identity of persons in the application of res judicata:
“Every action is litigated between definitely determined persons, who are parties to it. The judgment obtained by one of them against the other should not benefit or injure third persons, unless in case of an amicable arrangement concluded by such persons between themselves in lieu of pleading their respective rights. The effect of judgments are thus submitted, as to persons, to the same rule of relativity as in the case of contracts, and for the same reason.
“It follows, therefore, that the exception of res judicata, by means of which individuals respect the authority or presumption of the truth which the law attaches to judgments, cannot be used except for the benefit of a person who was a party to the process, or who is the successor to the rights of one of the parties, and against a person who was a party or who is the successor to such party. The rules here are the same as in the case of contracts.” 2 Planiol, Treatise on The Civil Law (An English Translation by the Louisiana State Law Institute) No. 54A (4) (1959). (Emphasis added).
The terms “successors” or ayans cause have sometimes been used in our jurisprudence interchangeably with the word “privies.” In Hargrave v. Mouton, 109 La. 533, 33 So. 590 (1903), the Supreme Court stated:
“The parties are the same in legal contemplation, for it is a rule of law that a final judgment rendered by a competent court on the merits of a controversy is a bar to any future suit between the parties litigant, or their privies, upon the same cause of action. Heroman v. Institute, 34 La.Ann. 805; Sewell v. Scott, 35 La.Ann. 553.
“Successors to, or ayans-cause of, the parties in the original suit are considered in law as having been parties themselves where their titles have been acquired since the institution of the action in which the original judgment was rendered. Delabigarre v. Second Municipality, 3 La.Ann. 236.”
It may be suggested here that Billy Wayne, who contends that he is the grandson of Isaac Urban, is not a “successor” of Urban, Jr. because he inherited from Isaac Urban “in his own right” and not by representation through his father, Urban, Jr. (Calhoun v. Crossgrove, 33 La.Ann. 1001 (1881); C.C. 901, 1240), because his father predeceased the alleged adoptive grandfather.
*390 Regardless of whether, for some purpose, it might be said that Billy Wayne did inherit from Isaac Urban “in his own right,” it remains that Billy Wayne is the child of Urban, Jr., and that fact alone gives him whatever* right he may have in the succession of Isaac Urban Marlin by virtue of the existence of the alleged act of adoption by Isaac Urban and Eva Mae of Urban, Jr. It seems clear that Billy Wayne is the “successor” of Urban, Jr., the “ayant cause" of Urban, Jr., or the “privy” of Urban, Jr.
Since we sustain the exception of res judicata, it is unnecessary to discuss appellant’s contention that the doctrine of “judicial estoppel,” as recognized in California Company v. Price, 234 La. 338, 99 So.2d 743 (1957), is applicable.
For these reasons, the judgment of the district court is reversed, and there is now judgment in favor of Octa Causey Marlin, defendant-appellant, and against Billy Wayne Marlin, plaintiff-appellee, sustaining the exception of res judicata, and dismissing plaintiff’s suit, at his cost.
WILLIAMS, J., dissents, without written reasons.