## HALL v. LORENTE.

Where no time is fixed in a contract for the performance of the condition, and the party
has not been put in default, it may still be performed. C. C. 2023, 2033, 1907.

<div style="float:right">

HALL
*v.*
LORENTE.

</div>

A PPEAL from the District Court of East Baton Rouge, *Burk*, J. *Joor*, for the appellant. *Brunot*, for the defendant. The judgment of the court was pronounced by

ROST, J. On the 22d day of March, 1832, *Swift*, the plaintiff's testator, purchased at probate sale fourteen acres of land, which were adjudicated to him for the sum of $425, on a credit of twelve months. On the same day, he subscribed in favor of *Policarpio Regillo*, an act under private signature, which is as follows:

" Received of *Mr. Policarpio Regillo*, four hundred dollars. I have bought at the probate sale of *A. C. Dunn*, this day, a certain tract of land in the parish of East Baton Rouge, about fourteen acres, for a sum between four and five hundred dollars, which I promise to transfer to *Mr. Policarpio Regillo*, when and how he may desire, on condition that he pay to me any balance that may (if any) be due on it, after the above four hundred dollars, which is the condition."

On this act is found the following endorsement : " *Mr. John Swift :* Having assigned over to *Manuela Maria Lorente* all my right, title and interest, to the within claim, you are hereby authorized to make the within named transfer to the said *Manuela Maria Lorente*.

" (Signed)    POLICARPIO REGILLO."

Under this assignment, the defendant took possession of the land, without opposition from *Swift*, and remained in peaceable possession of it as long as he lived, without requiring the legal title to be made to her, or complying with the condition on which she was to receive it. The plaintiff now claims the land under the adjudication to *Swift*, without regard to this contract. The defendant sets up her equitable claim under it, denies the right of the plaintiff to proceed as he has done, and avers her readiness to comply with the condition on which the title was to be made to her, when called upon to do so. The case was tried by a jury, who found for the defendant generally ; and the plaintiff has appealed from the judgment rendered on this verdict.

The contract on which the defendant relies is legal and valid, and has been executed by the delivery of the property to her. As it fixes no time for the performance of the condition, and the defendant has never been put in default, that condition may now be performed. C. C. arts. 2023, 2033, 1907. The contract being still in force, the plaintiff cannot disregard it as he has done. It is clear, however, that the defendant is not entitled to the final judgment rendered in her favor, and that the judgment should have been one of non-suit.

It is therefore ordered that the judgment in this case be reversed. It further ordered that there be judgment against the plaintiff as in case of non-suit ; and that he pay the costs of the court below, those of this appeal to be paid by the defendant and appellee.