## A. A. LAFOREST *v.* W. D. V. DOWNING.

In 1844, the Secretary of the Treasury, Judge Bibb, decided that patents ought to issue to those holding the Houmas claim for the lands between those already patented and the Manchac; but on the 7th of January following, Congress, by a Joint Resolution of both Houses, prohibited the issuance of evidence of title upon that "Spanish land claim." For a history of this class of cases, *vide Foley* v. *Harrison*, 5 Annual, 75.

In the case of *Carroll* v. *Safford*, 3 Howard, 46, the Supreme Court of the United States decided that lands when *sold*, are no more the property of the United States than lands *patented*.

APPEAL from the Dist. Court of the Parish of Point Coupee. *McVea*, J. *Adam Beatty*, for plaintiff and appellant. *R. H. Fenner & R. H. Bradford*, and *F. H. Farrar*, for defendants.

MERRICK, C. J. This suit is brought to recover of the defendant 161.86 acres of land, forming a part of his plantation, which has been in the possession of himself and vendors since 1840, if not since 1835, the date of the original entry at the Land Office.

The land is situated upon the eastern bank of the Bayou Fordoche, in the Parish of Point Coupee, and is lot No. 60, in township No. 5, S., range 8, east. It was entered for Henry Turner and John M. Pelton, as assignees of Marie Dugas and Alexis Brasset, on the first day of September, A. D. 1835, and the price, $202 32, having been paid, a patent certificate issued in their favor. Turner and Pelton sold to John A. Quitman, May 29th, 1840, several lots of land, including the one in controversy, for the sum of $20,000. Gen. Quitman sold, on the 17th of February, 1842, the land in question with certain other lands, a part of the lands bought by him of Turner and Pelton, for $11,334 80, to the defendant, Wm. D. V. Downing. The patent never issued in favor of Turner and Pelton, and the *entry* was canceled at the Land Office, *on the books of the office*, under the following circumstances:

The original preëmption claim of Dugas and Brasset was for 148.08 acres, lying upon Bayou Manchac, and supposed to be within the Houmas grant.

In 1829 Mr. Graham, Commissioner of the General Land Office, decided that the lands lying upon the Amite river and Bayou Manchac were public lands, and not within Houmas' grant, which was considered as confirmed to the depth of one and a half leagues only, and patents issued accordingly. Thereupon, the lands on the Manchac were deemed to be public lands.

On the fourth of July, 1835, Marie Dugas and Alexis Brasset entered the 148 acres, in virtue of a settlement made thereon in 1833, prior to the passage of the Act of Congress of 19th June, 1834, which authorized the preëmption. They became entitled (having both settled upon the same quarter section) to "a float," or sufficient land elsewhere to make the complement of a quarter section to each. This float, which was located upon the land in dispute, was transferred to Turner and Pelton in September, 1835, and the patent certificate above referred to issued to them and in their names on the 17th of October, 1835.

In 1844, the Secretary of the Treasury, Mr. Bibb, decided that patents ought to issue to those holding the Houmas claim, for the lands between those already patented and the Manchac, but on the 7th day of January following, Congress, by a Joint Resolution of both Houses, prohibited the issuance of evidence of title upon that "Spanish land claim."

Brasset, notwithstanding the previous sale by himself and Marie Dugas of the float to Turner and Pelton, sold for the sum of $30 to George W. Waterston, his right both to the float and the primary claim, and the money, notwithstanding the outstanding patent certificate in the names of Turner and Pelton, seems to have been refunded, or rather paid to George W. Waterston, and the entry on the books at the Land Office was canceled.

The plaintiff, availing himself of this state of things, obtained, in 1855, a patent for the land from the State of Louisiana, as swamp land.

The District Judge was of the opinion that the purchase of the land by Dugas and Brasset was valid, not only because it was uncertain that their primary claim was within Houmas' grant, but also because the land bought under the float was subject to private entry at the Land Office. He gave judgment, consequently, for the defendant; and plaintiff appeals.

In this Court a great variety of intricate questions have been discussed in the elaborate briefs filed by counsel; but, with the exception of the return of the money to Waterston, and the want of a patent by defendant, the case is analogous to the case of *Foley* v. *Harrison*, 5 An. 75. As the Acts of Congress are referred to, and the history of this class of cases is given in that decision, we shall refrain from repeating what is there said, and spare ourselves the labor of swelling this opinion by incorporating into the same an analysis of the complicated matters involved in the Houmas grant; and we shall abstain also from expressing any opinion further upon the validity of that title as it now exists.

We think it is clear, that after the patent certificate issued to Turner and Pelton for lot 60, in township 5, range 8, east, Brasset (who had only been part owner) could not deprive them of their equitable right by any transfer he could make to a third party.

In the case of *Carroll* v. *Safford*, 3 How. 46, the Supreme Court of the United States said: "Now, lands which have been sold by the United States, can in no sense be called the property of the United States. They are no more the property of the United States than lands patented. So far as the rights of the purchaser are considered, they are protected under the patent certificate as fully as under the patent. Suppose the officers of the Government had sold a tract of land, received the purchase money, and issued a patent certificate, can it be contended that they could sell it again, and convey a good title? They could no more do this than they

could sell land a second time which had been previously patented. When sold, the Government, until the patent shall issue, holds the mere legal title for the land in trust for the purchaser, and any second purchaser would take the land charged with the trust."

In the case of *Foley* v. *Harrison*, 5 An. 90, this Court said: "We are not prepared to concede that the entries were originally made in violation of law. The proviso of the Act of 1811 is, that until the final decision of Congress thereon, no tract of land shall be offered for sale, the claim to which has in due time and according to law been presented to the Recorder of land titles in the District of Louisiana, &c. It is true that the Houmas claim had been thus presented. But the plaintiff admits that it was acted upon and confirmed by the Act of 18th of March, 1814. This confirmation satisfied the proviso of the Act of 1811."

The District Judge has decided, and we concur with him in his conclusion, that the proof does not satisfactorily show the primary claim of Dugas and Brasset to have been within the Houmas grant, as confirmed by Congress prior to their entry.

As a consequence, the patent certificate of Turner and Pelton, which has never, as we perceive, been cancelled in the hands of defendant, will protect the latter against the plaintiff's title.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be affirmed, and that the plaintiff pay the costs of the appeal.

VOORHIES, J., absent.