(101 South. 394)

No. 24695.

## SMITH v. BAUCUM.

(June 28, 1924. Rehearing Denied by Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

Injunction ⬤�net52—Seller of timber held entitled to enjoin its removal on purchaser's failure to perform condition necessary to extension of time for removal.

Where purchaser of timber was entitled to extension of time for its removal by payment of annual sum after expiration of time originally provided for, no definite date being fixed for such payment, and did not make such payment on demand, seller could thereafter enjoin removal, in view of Civ. Code, arts. 1907, 2023, 2033, providing that party may perform condition for which a contract fixes no time at any time before being put in default by demand.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

Suit by W. Bryan Smith for injunction against trespass and for damage against O.

F. Baucum. From decree rejecting plaintiff's demand, dissolving injunction, and dismissing defendant's reconventional demand as in case of nonsuit plaintiff appeals. Judgment avoided, and decree rendered perpetuating injunction, dismissing plaintiff's demand for damages, and denying defendant's reconventional demand.

Thomas W. Robertson, of Shreveport, for appellant.

Stewart & Stewart, of Minden, and Goff & Barnette, of Arcadia, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. Plaintiff owned timbered lands situated in Bienville parish, La. He sold the timber thereon, and in the deed of conveyance a time limit was fixed within which the timber was to be cut and removed from the land. There was also a clause in the deed which provided for an extension of the time limit for the cutting and removal of the timber. This extension was to be from year to year, not exceeding five years, upon the annual payment by the vendee of the sum of $140 and all current taxes on the property and upon the vendee refunding to plaintiff the taxes paid thereon by him for the year 1919. Defendant acquired the timber by mesne conveyance. The time limit for the removal of the timber expired March 29, 1920. About three months after the expiration of the time limit plaintiff contracted with certain parties to cut the timber on the land into cross-ties. Defendant interfered and prevented these persons from entering upon the work. The situation remained unchanged until February of the following year, at which time defendant entered upon the land and proceeded to cut the standing timber thereon. Plaintiff thereupon obtained an injunction restraining the defendant from trespassing upon the property and from cutting or removing the timber therefrom, and plaintiff coupled with this proceeding an action in damages against the defendant. The defendant filed a plea to the jurisdiction of the court. This plea was overruled, and thereupon defendant moved to dissolve the injunction. The motion to dissolve was referred to the merits, and defendant filed his answer in which he reconvened and prayed for judgment for alleged damages.

From a judgment rejecting plaintiff's demands, dissolving the injunction, and dismissing defendant's reconventional demand as in case of nonsuit, the plaintiff appeals.

The case presents only questions of fact.

The defense to the suit is a plea of payment, or, rather, a tender of payment. This plea admits the debt and shifts the burden of proof to the defendant.

The evidence in the record shows that plaintiff purchased some lumber from defendant during the year 1920 and that defendant purchased goods and merchandise from plaintiff's store during that year. The respective amounts due from one to the other growing out of these transactions varied but little, but whether the one may be considered as offsetting the other is of no consequence; they are independent transactions and do not affect the issues of this case. It is shown that plaintiff demanded payment of the sums due him as a condition precedent to the granting of an extension of the time limit for the year succeeding March 29, 1920. On March 27, 1920, plaintiff executed a receipt for said sums before a notary public and left this receipt with the notary, to be surrendered to defendant when the payment was made. Payment was not made, and about 11 months after the date of this receipt plaintiff filed this suit.

Defendant offered testimony to prove tender of payment of the amounts due plaintiff.

It is not necessary to review this testimony because the alleged tender of payment is shown to have been made a year after the expiration of the time limit fixed in the deed, and after payment had been demanded. Moreover, the testimony of the witnesses offered to establish tender of payment shows that no legal tender was ever made. See testimony of defendant, pages 60, 61.

The burden upon plaintiff to prove a legal tender has not been met, and his defense must fall.

The deed by which the timber was acquired by defendant does not fix a definite date for the payments required for the extension of the time limit provided for therein. In contracts of this kind, after the expiration of the time originally fixed, the payment required for an extension of that time becomes due immediately but is not enforceable until the debtor is put in default by demand. It must be remembered that the time limit fixed in the deed is of the essence of the contract; that defendant had the option of extending the time upon his compliance with certain conditions; and his failure to comply with these conditions fully and promptly, upon demand, is fatal to his defense.

Until put in default, a party may perform a condition for which the contract fixes no time. C. C. arts. 1907, 2023, 2033; Hall v. Lorente, 3 La. Ann. 274.

For these reasons the judgment appealed from is avoided, and it is now ordered, adjudged, and decreed that the writ of injunction sued out in this case be perpetuated, that plaintiff's demand for damages be dismissed, and that defendant's reconventional demand be denied. Appellee to pay the costs of appeal.

Rehearing refused by the WHOLE COURT.