PONDER, Justice.
 

 The plaintiffs, the heirs of Henry M. Hyams, deceased, seek by mandamus proceedings to compel the Register of the State Land Office to prepare for the Governor’s signature, and to require the Governor to issue to the plaintiffs, the heirs of Henry M. Hyams, deceased, the patent for a tract of land containing 280 acres of land described as follows: SW% of NEJ4 Sec. 33, T.12 N., R.16 W., situated in the Parish of DeSoto and containing 40 acres; SWj^ of SEJ4 Sec. 13, T.23 N., R.2 W., situated in the Parish of Union and containing 40 acres; NW% of SE% Sec. 4, NEy4 of SW% Sec. 22, and NE% of NE% Sec. 27, all in T.23 N., R.3 W., situated in the Parish of Union and containing 120 acres; SEj4 of SWj/4 Sec. 1, T.22 N., R.3- W., situated in the Parish of Union and containing 40 acres; and SW% of NEj4 Sec. 5, T. 20 N., R.2 W., situated in the Parish of Union and containing 40 acres.
 

 The plaintiffs made written application to the Register of the Land Office on April 22, 1918, to locate a portion of warrant or scrip No. 168, which was issued to them under authority of Act 104 of 1888, on the SWJ4 of the SE14 Sec. 13, T.23 N., R.2 W. situated in the Parish of Union and containing 40 acres. Written application was made on June 3, 1919, to locate a portion of the warrant on the SEy^ of SWy, Sec. 1, T.22 N., R.3 W., situated in the Parish of
 
 *431
 
 Union, containing 40 acres. On March 23, 1938, another written application was made to locate the remaining 200 acres of land under the warrant. The Register of the Land Office rejected the applications and these proceedings were instituted to compel the Register of the Land Office to prepare •for the Governor’s signature and have the Governor directed to sign and issue a patent to the land. The plaintiffs also asked for an injunction against the State Mineral Board restraining them from leasing the oil, gas, and mineral rights in and to the lands and askdd that the Mineral Board be cited to appear and answer thereto. The defendants filed exceptions of no cause or right of action which were overruled by the trial court. An answer was filed and after hearing the case on its merits the lower court gave the plaintiffs judgment against the defendants as prayed for. The defendants have appealed. After the appeal was lodged in this court the defendants filed a plea of prescription based on Article 3544, R.C.C.
 

 On February 10, 1863, Henry M. Hyams purchased from the state 404.63 acres of land in Sections 3 and 10, T.14 N., R.3 E., receiving patent No. 11,783 under certificate No. 23,907. In accordance with the price fixed by law for that class or character of land, which at that time was fixed at $1.25 per acre, he paid the state $505.79 for the land. It developed that the state did not own this land because the United States had already disposed of it. In 1888 the Legislature enacted Act No. 104 of 1888 which authorized the Register of the Land Office to indemnify the holders of patents issued for lands which the state did not own by issuing lieu warrants or scrips to be located on lands of the same class or character as that upon which the patents were issued in error. Prior to the enactment of Act 104 of 1888 Hyams died leaving several minor children. During the year of 1888 the executor who was administering the estate surrendered patent No. 11,783 and had it canceled by the Register of the Land Office in conformity with Act No. 104. At the same time the "executor filed written application for a warrant with the Register of the Land Office for the same number of acres of land to be located on land of the same class or character as that for which the patent had been issued. Before the lieu warrant was issued the executor died. The canceled patent and the application for the lieu warrant were either lost sight of or mislaid in the Land Office until sometime in 1917. During 1917, upon discovery of the canceled patent and application for the lieu warrant the Register of the Land Office issued to the heirs of Henry M. Hyams, who were then of the age of majority, warrant No. 168 dated December 28, 1917. At the time the lieu warrant was issued on December 28, 1917, a written application-was made to partially locate the N% of SEJ4 and SW% of SE% of Sec. 13, in T.22 N., R.3 W., in the Parish of Union. Written application was made by the plaintiffs to the Register of the Land Office on April 22, 1918, to locate a portion of warrant No. 168 on the SW% of SEi/4, Sec. 13, T.23 N., R. 2 W., situated in the Parish of Union, containing 40 acres of land. On June 3„ 1919, the plaintiffs made another application to locate a portion of the warrant of the SE1/^
 
 *433
 
 of SW%, Sec. 1, T.22 N., R.3 W., situated in the Parish of Union, containing 40 acres of land. On March 23, 1938, written application was made to locate the residue of the warrant on the following described lands:
 

 First: SWi/4 of NE% Sec. 33, T.12. N., R.16 W., Parish of DeSoto, and containing 40 acres.
 

 Second: SW% of SE% Sec. 13, T.23 N., R.2 W.,. Parish of Union, and containing 40 acres.
 

 Third: NW& of SE% Sec. 4; NEy4 of SW% Sec. 22; NE% of NE14 Sec. 27, all in T.23 N., R.3 W., Parish of Union, and containing 120 acres.
 

 Fourth: SE% of SW% Sec. 1, T.22 N„ R.3 W., Parish of Union, and containing 40 acres.
 

 Fifth: SWi/4 of NE% Sec. 5, T.22 N., 'R.3 W., Parish of Union, and containing 40 acres.
 

 All of the applications were rejected by the Register of the Land Office at the time they were presented. The application to locate a portion of the warrant of December 28, 1917, having been rejected by the Register of the Land Office, the plaintiffs instituted suit, at a date prior to the instant suit, seeking by mandamus to compel the issuance of a patent for a tract of land containing 40 acres of the land involved herein together with another 80 acres of land. On the trial of that case, the lower court gave judgment rejecting the plaintiffs’ demand which judgment was annulled and set aside and judgment rendered in favor of the plaintiffs on appeal by this court. State ex rel. Hyams’ Heirs v. Grace, Register of State Land Office, et al., 173 La. 215, 136 So. 569. This suit was 'instituted because the Register of the Land Office rejected the application made to locate a portion of the warrant of March 23, 1938, seeking to compel the issuance of a patent on 280 acres of land.
 

 Counsel for the appellants, the defendants, contend that this is a personal action and that the action is prescribed under Article 3544, R.C.C., which provides that personal actions in general are prescribed in ten years. Counsel takes the position that the prayer of the petition governs the nature and character of the suit and that since the plaintiffs only seek to compel the Register of the Land Office and the Governor to perform ministerial acts, which is in effect asking for specific enforcement 'of the contract or lieu warrant, it presents purely a personal action. In support of this contention, counsel cites Articles 3 and 4 of the Code of Practice which read as follows:
 

 “3. Personal actions. — A personal action is that by which a person proceeds against one who is personally bound towards him, either by a contract or by virtue of the law, in order to compel him to pay what he owes to him or to perform what he had promised.
 

 “This action is called personal, because it is attached to the person bound, and follows him everywhere.
 

 “4. Real actions.- — -A real action is that which relates to claims made on immovable property, or to the immovable rights to which they are subjected.
 

 
 *435
 
 “The object of this action is the ownership or the possession of such property; and they are therefore subdivided into petitory and possessory actions.”
 

 Counsel are under the impression that since the plaintiffs do not ask in their prayer to be declared the owners of the property that this is not a real action. The purpose of this action is to compel the execution of a patent or title to the lands. In other words, it is an action to compel the conveyance of the lands. An action to compel conveyance of land is a real action. Mussina v. Ailing et als., 11 La.Ann. 568.
 

 In the case of Da Ponte v. Ogden et al., 161 La. 378, 108 So. 777, 781, a suit for recovery of an undivided interest in lands and to compel the execution of a title thereto, wherein an accounting was also asked for, this court stated:
 

 “The action is a mixed action. It partakes in its nature the character of both a real and a personal action.
 

 “It is a real action in so far as it seeks to recover an undivided interest in the lands and to compel defendants to execute title. It is personal in so far as it calls on defendants to account for and pay over one-sixth of the royalties received from said land.
 

 “Article 3548, Civil Code, provides that all actions for immovable property are prescribed by 30 years. The case clearly falls within the terms of this article of the Code. The purpose of the action is to recover an interest in an immovable, based on an agreement to sell, and to compel defendants to comply with that agreement by the execution of a deed. It is apparent, therefore, that that part of the demand is a real, and in no sense a personal, action.”
 

 Moreover, if it were conceded that this-is a personal action the plea would not be applicable for the reason that the lieu warrant and the Act under which it was issued contemplate a future location on lands belonging to the State without fixing any time or term within which the location is to be made. Article 14 of the Code of Practice provides that where a contract is to be performed at a future period the obligation growing out of the contract arises at the moment it is made but the right of action growing out of it arises only when the stipulated term has arrived.
 

 In the cases of Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 So. 275, Smith v. Baucum, 156 La. 996, 101 So. 394, and Brown v. Hodge-Hunt Lumber Co., Inc., 162 La. 635, 110 So. 886, involving deeds to timber where no period was fixed within which the timber could be moved, it was held in effect that until such a period of time is fixed that the right to remove the timber remains in the grantee indefinitely. It is suggested in these cases that the omission to fix a period of time, within which the timber should be removed, may be supplied by application to the proper court or by the party being put in default. See R.C. C. Arts. 1907, 2023 and 2033.
 

 In the cases of State ex rel. Atchafalaya Basin Levee Board v. Capdervielle, 142 La. 111, 76 So. 327, State ex rel. Board of Commissioners of Tensas Levee District v. Grace, 161 La. 1039, 109 So. 830, Board of Commissioners of Tensas Basin Levee Dis
 
 *437
 
 trict v. Hardtner et al., 164 La. 632, 114 So. 494, suits involving grants to levee boards under Act of the Legislature providing that the Auditor and Register of the Land Office are to convey by proper conveyance the lands granted or intended to be granted and conveyed whenever from time to time the Auditor or Register of the Land Office are requested to do so by the levee boards, this court in effect held that it is within the •contemplation of the Act that these donations should stand and remain open for acceptance and confirmation indefinitely.
 

 The Act, under which the lieu warrant involved herein was issued, contemplates a future location of the warrant on lands of like character belonging to the State without designating any particular time within which it can be done. In our opinion this clearly shows that it was contemplated that the warrant could be located any time the grantee could find land of like character to locate it on. If it had been intended otherwise some language would have been used in the Act to that effect.
 

 Counsel for the appellants take the position that the patent cannot be issued without a reservation of the mineral rights under Section 2, Article 4 of the Constitution of 1921, the pertinent part of which reads as follows:
 

 “* * * In all cases the mineral rights on any and all property sold by the State shall be reserved, except where the owner or other person having the right to redeem may buy or redeem property sold or adjudicated to the State for taxes. * * * ”
 

 In the case of State ex rel. Hyams’ Heirs v. Grace, supra, this same contention was urged in an application for a rehearing and the rehearing was refused. The provision relied on in our opinion applies to property sold by the State subsequent to the adoption of this constitutional provision. A constitutional provision should be construed as having a prospective effect only unless it exhibits the intention of its 'framers to be given a retrospective effect. Succession of Parham et ux., 51 La. Ann. 980, 25 So. 947, 26 So. 700. There is no language used therein to indicate that this constitutional provision is to apply to transfers of property under lieu warrants previously issued under Act No. 104 of 1888. In our opinion it deals with future sales of land made by the State and there is nothing contained therein to suggest that it was intended to destroy or impair a contract previously entered into by the State. The framers of the Constitution cannot be credited with such an intention.
 

 For the reasons assigned the judgment is affirmed at appellants’ cost.
 

 LAND, J., absent.
 

 O’NIELL, C. J., does not take part