HARDY, Judge.
Plaintiffs, Judith Hyams Douglas, and her vendees, instituted this action to establish title to real estate under the provisions of LSA-R.S. 13:5062, Act 38 of 1908, asserting ownership of a certain tract of land located in Union Parish described as being the Northwest Quarter of Southeast Quarter of Section 4, Township 23 North, Range 3 West, containing 25.70 acres. Defendant, after filing an exception of no cause or right of action, which was overruled by consent, filed answer which had the effect of converting the suit into a petitory action. For the sake of consistency in this opinion the parties are referred to as plaintiffs and defendant with reference to their respective capacities in the original suit. In his action defendant alleged physical acts of possession and pleaded the prescription of ten and thirty years but, admittedly, only the prescription of ten years was seriously urged.
Subsequent to filing of defendant’s action plaintiffs caused the issuance of a rule upon defendant to show cause why judgment should not be rendered on the face of the pleadings, which action was based upon the asserted failure of defendant to allege a severance of title from the State. With consent of the court defendant filed a supplemental answer alleging the occurrence of severance of title from the State by the effect of the judgment in State ex rel. Hyams’ Heirs v. Grace, 197 La. 428, 1 So.2d 683. Material averments of this amended pleading, which are pertinent to the determination of this cause, set up the automatic severance of title from the State as of the date of the refusal of rehearing in the above cited case, that is, March 31, 1941, which date was urged as the beginning of the running of the period of ten-year prescription, acquirendi causa. In this connection it must be borne in mind that the present suit was filed by plaintiffs on May 25, 1951. The patent by the State was issued May 28, 1941.
Additional pleas then urged by plaintiffs consisted of the plea of prescription of six years under the provisions of Act 62 of 1912, LSA-R.S. 9:5661, and an exception of no cause or right of action, which was based upon the contention that defendant had failed to set forth the severance of title to the property; had failed to specify the particular acts of possession upon which the plea of ten years prescription was based, and had failed to plead the nature of the possession relied upon under Article 3487 of the LSA-Civil Code, with particular reference to continuous and unequivocal possession.
After hearings of argument on all of the above pleas and exceptions, the same were referred to the merits and after trial there was judgment in favor of plaintiffs, from which defendant has appealed.
The instant suit is related to the several actions on the part of the Hyams heirs seeking the issuance of patents on state lands, and it is only necessary to set forth briefly the facts concerned in the course of this somewhat protracted litigation. On February 10, 1863, H. M. Hyams purchased certain lands from the State of Louisiana and was issued a patent thereto, but it subsequently developed that the State did not own the land in question. By Act of the Legislature, No. 104 of 1888, LSA-R.S. 41:381, the Register of the State Land Office was authorized to indemnify the holders of patents issued to lands which the State did not own. This indemnification was to be effected by the issuance of lieu warrants for the location of lands of the same class or character. Prior to the adoption of this Act Hyams died, and the erroneously issued patent was surrendered by the executor of the Hyams estate, accompanied by a request for the issuance of warrants on other lands, but the executor died before such issuance. In 1917 the warrants were issued and on March 23, 1938, the heirs of H. M. Hyams applied for the location of a portion of their warrants on the land hereinabove described. The Register of the State Land Office refused to issue the patent and a mandamus suit was filed to compel such issuance and to direct the signing by the Governor, in which action judgment was rendered in favor of relators, affirmed by the Supreme *619 Court on March 3, 1941, rehearing being denied March 31, 1941; State ex rel. Hyams’ Heirs v. Grace, 197 La. 428, 1 So.2d 683. As above noted, patent actually issued May 28, 1941, and the present suit was filed May 25, 1951.
Defendant’s claim of title is based upon deed from one J. W. Norris dated February 19, 1912.
We think the vital issue here concerned involves the determination of the defendant’s plea of the prescription of ten years acquirendi causa. The respective contentions of the parties may be briefly stated. Defendant urges that the prescriptive period began to run on March 31, 1941, when the judgment of the Supreme Court in the case of State ex rel. Hyams’ Heirs v. Grace, supra, became final on the refusal of a rehearing thereof. On the other hand, plaintiff contends that the prescriptive period did not begin to run until the date of the issuance of the patent to the land concerned on May 28, 1941.
Since this suit was filed May 25, 1951, it is obvious that if defendant’s position is sustained prescription had accrued some two months, lacking six days, prior to the filing of suit, whereas, if plaintiffs’ contention be deemed correct, the filing of this suit interrupted prescription some three days prior to the accrual thereof.
Counsel for defendant persuasively and forcefully argues that a patent in itself is simply an evidence of title; that severance of title can be accomplished prior to issuance of a patent; that compliance with all requirements precedent to the issuance of a patent vests title in an applicant, and that prescription begins to run against an applicant for patent immediately upon his fulfillment of all conditions precedent to such issuance, notwithstanding the fact that patent has not actually issued. In support of the above propositions counsel cite Laidlaw v. Landry, 12 La.Ann. 151; Leblanc v. Ludrique, 14 La.Ann. 772; Laforest v. Downing, 16 La.Ann. 301; Carroll v. Safford, 3 How. 441, 461, 11 L.Ed. 671; Gay v. Ellis, 33 La.Ann. 249; Simien v. Perrodin, 35 La.Ann. 931; Broussard v. Broussard, 43 La.Ann. 921, 9 So. 910; Broussard v. Pharr, 48 La.Ann. 230, 19 So. 272; Pepper v. Dunlop, 9 La.Ann. 137; Trumbull v. Sample, 158 La. 629, 104 So. 479; Breaux v. Lefort, 209 La. 506, 24 So.2d 879.
Plaintiffs’ counsel relies upon the case of Douglas v. Murphy, 218 La. 888, 51 So.2d 310, in which the Supreme Court specifically declared that acquisitive prescription does not commence to run until the issuance of patent.
But on behalf of defendant it is argued that the opinion of the Supreme Court was not intended to enunciate a general rule. It is urged that the final pronouncement of the Supreme Court evidenced by its refusal to grant a rehearing was, in counsel’s words, “equivalent to the issuance of a certificate showing payment for land.” In further support of this position it is contended that the actual issuance of the patent, after the court in its judgment ordered the same to be issued, was simply the performance of a ministerial function by administrative officers of the State. While we concede the correctness of this last assertion, we are nonetheless persuaded to the conclusion that the date of issuance of the patent, under the circumstances of fact here presented, must be considered to be the date of severance of title from the State and the date upon which, and only from which, the period of acquisitive prescription began to run.
We are constrained to this conclusion by careful consideration of the language of the Supreme Court in Douglas v. Murphy. The position of the defendants in that case was identical with the one here assumed by this defendant, as is evidenced by the following extract from the opinion of the court:
“The appellants contend that title did not pass from the State to Mrs. Douglas until issuance of the patent on May 28, 1941. While, on the other hand, the defendants contend that acquisitive prescription will run against one who has a vested right to property the same as if a patent had been is *620 sued. They take the position that prescription began to run against Mrs. Douglas from the date that she first made application to locate the warrant on February 19, 1919.”
It is observed from the opinion that defendant relied, inter alia, upon the cases of Gay v. Ellis and Breaux v. Lefort, supra, which are among the cases cited in the instant matter, and it is further true that the reasoning evidenced by this line of cases appears to have been rejected by the court on the ground that there was nothing in them which indicated that a rejected application to locate land operated as a severance from the public domain permitting prescription to run in favor of a third person. Nevertheless, we think the expression of the court’s holding was intended to be of a general rather than a restricted application. On original hearing the court said:
“Irrespective of what rights existed between the parties, the fact remains that the consent of the State was not obtained until after a culmination of the litigation and it was only then that the State agreed to issue the patent. Title to the property could not vest in the applicant prior to that time. Such being the case, the plea of prescription is not well founded because ten years had not elapsed from that time to the filing of this suit.”
Any possible ambiguity of interpretation of the above pronouncement was completely eliminated by the following comment in the opinion on rehearing:
“The acquisitive prescription, as hereinbefore shown, could not commence to run in favor of these defendants until the State of Louisiana ceased in 1941 its resistance to the rights of Mrs. Douglas under her warrant location and then divested itself of the record title to the property hy the issuance of the patent.” (Emphasis supplied.)
In the case before us we think it is the consideration of the “resistance” on the part of the State that presents another distinguishing factor or element from the facts which were under consideration in Breaux v. Lefort and the other cases first cited supra. In those cases the State was not a party to the dispute and had interposed no opposition to the applicants for patent. In Douglas v. Murphy, quite to the contrary it was the State itself that vigorously opposed and contested the right of the applicant to a patent.
Following the above distinction to its logical conclusion, we are impressed with the fact that the judgment of the Supreme Court could not be construed as standing in lieu of a patent, and as constituting in itself a severance of title. The only effect of the court’s judgment was to order the specified administrative officials of the State to perform an administrative act and until the act was performed it cannot be said that there was any severance of title from the State, and it follows that until the issuance of patent on May 28, 1941, there was no vesting of ownership which could serve as the beginning of acquisitive prescription adverse to the pat-entee.
We think this proposition may be simply illustrated. Let us suppose that for some reason the relator Douglas, subsequent to the finality of the Supreme Court’s judgment as of March 31, 1941, and prior to the actual issuance of patent responsive to such judgment, had chosen to withdraw her warrant and relocate the same in an application on other lands. Surely in such event this defendant could not validly contend that the final judgment had the effect of vesting title in Mrs. Douglas.
In suit of Hyams’ Heirs v. Grace, supra [197 La. 428, 1 So.2d 685], in which the rehearing was denied on March 31, 1941, we note with some interest that the contention was there made by the defendants that the suit was designed to compel the performance of ministerial acts but the court declared that the suit was “ * * * an action to compel the conveyance of the lands.” Nowhere in the opinion is there *621 any indication that the judgment was intended or could be considered to serve as a conveyance.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.