F. S. ELLIS, Judge pro tem.
This action was originally a suit on three promissory notes, made by T. H. Martin, Sr., and held by Morris W. Munson. To this petition, answer was filed, coupled with a reconventional demand. Judgment was rendered for plaintiff on the main demand, and the reconventional demand was dismissed. Only the reconventional demand is before this Court, the judgment rendered on the main demand having been satisfied.
*740 The circumstances surrounding the recon-ventional demand are as follows:
T. H. Martin, Sr., the defendant in the original suit and plaintiff in reconvention herein, was the owner of a tract of land situated in the Town of St. Francisville. During the years 1952 and 1953, Mr. Martin developed said property as a subdivision known as “Martin Subdivision.” In connection with the development thereof, Mr. Martin installed a system of water lines servicing the lots therein. At that time, the plaintiff and defendant in reconvention, Morris W. Munson, Sr., was the owner and operator, under the name of Home Ice and Gin Plant, of a water system servicing the Town of St. Francisville. The water system in the Martin Subdivision was hooked onto the system operated by Mr. Munson, and received its supply of water therefrom. From time to time thereafter, various connections were made to houses built on the lots in Martin Subdivision. Apparently the two systems were hooked together at some time during the year 1954.
Mr. Munson serviced the various homes in the Martin Subdivision and collected for the water used until June 27, 1958, when he transferred the water system, including the piping in the Martin Subdivision, to the Town of St. Francisville.
At the time that the water systems were hooked up, there was some conversation between Mr. Martin and Mr. Munson as to the compensation for same, but their versions of the agreement reached at that time were very different.
Mr. Martin’s position is that he was to receive the cost of the installation of the water system in his subdivision. Mr. Munson was of the opinion that Mr. Martin was to be paid some amount as each user of the water hooked into his system. It is very apparent from the testimony of both of these gentlemen that there was never any meeting of the minds as to the manner in which the water system was to be paid for.
In his reconventional demand, Mr. Martin asks that he be reimbursed the cost of installation of the water system, or, alternatively, that he be declared to be the owner of the water system in Martin Subdivision and that Mr. Munson be condemned to pay him a reasonable rental for the use thereof.
At the same time as he filed his answer and reconventional demand, and as part thereof, Mr. Martin brought into the case, by third party petition, the Town of St. Francisville, and asked for the same relief as against it. However, the town was released from this suit by the district court on exceptions, and as no appeal from that judgment was ever taken, it has now become final.
There is expert testimony in the record as to the cost of the installation of the system, and as to what constitutes a reasonable rental therefor. There is also evidence in the record as to the amount of water which was actually sold in Martin Subdivision from the time the system was hooked up until Mr. Munson transferred the system to the Town of St. Francisville.
From the evidence, as outlined above, it seems clear that there was an agreement whereby Mr. Munson bought the system from Mr. Martin. From the time the system was hooked up, Munson exercised dominion over it, and eventually sold it to the Town of St. Francisville. Martin acquiesced in all of these acts.
However, it is equally clear that there was never a meeting of the minds, or even much discussion between the parties as to the purchase price.
Martin is claiming the cost of the pipe, but the evidence as to the amount thereof is vague and unsatisfactory. It is clear that Munson never agreed to pay that amount. There is also evidence in the record which indicates that it would have been economically unfeasible to pay that much for the system. The evidence does not support Martin’s position.
*741 However, Munson admitted that he owed Martin the sum of $1,655.00, and the record justifies a judgment in favor of Martin in that amount.
For the above and foregoing reasons, the judgment appealed from is reversed and there will be judgment in favor of plaintiff in reconvention, T. H. Martin, Sr., and against defendant in reconvention, Morris W. Munson, in the full sum of $1,655.00, with legal interest from date of judicial demand until paid, the costs below to he borne equally by the parties, and all costs of the appeal to be borne by defendant in recon-vention.
Reversed and rendered.