battery is not necessarily included in attempted murder.

Since the plea of former jeopardy does not satisfy the statutory requirements, the trial judge correctly overruled it.

For the reasons assigned, I concur.

192 So.2d 126

**Morris W. MUNSON**

**v.**

**T. H. MARTIN, Sr.**

No. 48139.

Nov. 7, 1966.

Rehearing Denied Dec. 12, 1966.

D'Amico & Curet, Sam J. D'Amico, Baton Rouge, for defendant-appellant.

Benton & Moseley, Edward Donald Moseley, Baton Rouge, for plaintiff-appellee-respondent.

HAMITER, Justice.

Morris W. Munson instituted this suit on three certain promissory notes executed

by T. H. Martin, Sr. The defendant Martin answered, and he also reconvened to recover from Munson the sum of $8610.52.

After trial, the district court rendered a judgment for plaintiff on the main action, and it dismissed defendant's reconventional demand.

Martin, thereupon, paid and satisfied plaintiff's claim; but he took an appeal from the judgment insofar as it dismissed his demand in reconvention.

The Court of Appeal reversed the judgment dismissing the reconventional demand, and it awarded Martin the sum of $1655. Munson v. Martin, Sr., 182 So.2d 739.

We issued a writ of review at the instance of Martin who seeks an increase in the amount granted him. 184 So.2d 736.

■ Munson did not apply for certiorari. Consequently the judgment against him and in favor of Martin for $1655 is final, and under no circumstances can it now be reduced.

The claim in reconvention arose out of certain negotiations between the parties who agree that the circumstances are correctly set forth in the Court of Appeal opinion. Pertinently, it states: "T. H. Martin, Sr., the defendant in the original suit and plaintiff in reconvention herein, was the owner of a tract of land situated in the Town of St. Francisville. During the years 1952 and 1953, Mr. Martin developed said property as a subdivision known as "Martin Subdivision." In connection with the development thereof, Mr. Martin installed a system of water lines servicing the lots therein. At that time, the plaintiff and defendant in reconvention, Morris W. Munson, Sr., was the owner and operator, under the name of Home Ice and Gin Plant, of a water system servicing the Town of St. Francisville. The water system in the Martin Subdivision was hooked onto the system operated by Mr. Munson, and received its supply of water therefrom. From time to time thereafter, various connections were made to houses built on the lots in Martin Subdivision. Apparently the two systems were hooked together at sometime during the year 1954.

"Mr. Munson serviced the various homes in the Martin Subdivision and collected for the water used until June 27, 1958, when he transferred the water system, including the piping in the Martin Subdivision, to the Town of St. Francisville.

"At the time that the water systems were hooked up, there was some conversation between Mr. Martin and Mr. Munson as to the compensation for same, but their versions of the agreement reached at that time were very different."

The testimony of the parties leaves no doubt but that both intended that some monetary consideration would be paid for Martin's turning over the subdivision's water system to Munson. In fact, the lat-

...ter testified that his understanding of the agreement was that he owed Martin $1655 (the sum awarded by the Court of Appeal), which apparently was the amount of water returns collected by him for four years after he took possession of the completed lines.

Martin, on the other hand, asserted that he understood he would receive what it cost him to install the system in the subdivision, or $6915.76.

■ Nevertheless, the testimony of both persons makes it abundantly clear that no amount or mode of payment was ever agreed on by them. Consequently there had been effected no completed contract of sale when Martin relinquished possession of the system to Munson in 1954, inasmuch as there was not an agreed price therefor.

■ However, under the heretofore related circumstances, we think that there resulted a quasi contract between the parties in view of the provisions of Articles 2293 and 2294 of the Revised Civil Code which recite: "Quasi contracts are the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties." RCC Article 2293. "All acts, from which there results an obligation without any agreement, in the manner expressed in the preceding article, form quasi contracts. * * * *" RCC Article 2294.

Further, with reference to quasi contracts, it is declared in Revised Civil Code Articles 2301 and 2313 that: "He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." RCC Article 2301. "If he who has received bona fide, has sold the thing, he is bound to restore only the price of the sale." RCC Article 2313.

■ Our examination of the record convinces us that Munson took possession of the subdivision's water system bona fide, both parties expecting that an agreement satisfactory to each would eventually be worked out as to the compensation to be paid to Martin. We further conclude that Munson's sale to the Town of St. Francisville was also consummated in good faith. As a result, under the provisions of the above mentioned codal Article 2313, Munson is obligated to restore to Martin only the price he received from such town for the subdivision's system. See also Gaty, McCune and Company v. Babers, 32 La. Ann. 1091, Kramer v. Freeman et al., 198 La. 244, 3 So.2d 609 and Broussard v. Friedman, 40 So.2d 669.

Martin urges that certain testimony in the record will show what that price was. We do not agree. The entire water system owned by Munson, which served the whole town, was sold and transferred by him without any part thereof being segregated

as to value. We cannot determine from the record as made up how much of the total consideration represented the amount received for the part in the Martin subdivision. Consequently, we will have to remand the case to the district court in order that such price be established by the testimony of expert appraisers, or otherwise, as the parties see fit.

Following a hearing on the remand, the district court shall award to Martin the price so established, less $1655 which is the sum heretofore awarded in the judgment of the Court of Appeal that is now final as to Munson. In no event shall such award in Martin's favor be reduced.

In his brief to this court Munson is urging the three years' *acquisitive* prescription under Article 3506 of the Revised Civil Code. However, no formal plea to that effect has ever been filed. (In the district court Munson pleaded the *liberative* prescriptions of one, three, five and ten years based on Articles 3534, 3538, 3540 through 3543, and 3544 of the Revised Civil Code, and those pleas were overruled. But he did not plead the acquisitive prescription under Article 3506 which alone he is now urging.) Too, he has presented here a formal plea of equitable estoppel based on laches.

Martin asserts that this court is without jurisdiction to entertain the defenses. However, we pretermit the question of whether or not we should consider them, for we find no merit in either.

With regard to the three years' acquisitive prescription it need only be observed that Martin's reconventional demand is not one for recognition as the owner of property which has been adversely possessed by Munson. It is a demand based on a quasi contract. And we have said on a number of occasions that the prescription against such an action is that of ten years (it has not accrued in this case) under Revised Civil Code Article 3544. Lagarde v. Dabon et al., 155 La. 25, 98 So. 744, Greenfield Box Company v. Independence Veneer and Box Manufacturing Company, 163 La. 86, 111 So. 608, Roussel et al. v. Railways Realty Company, 165 La. 536, 115 So. 742, Smith v. Phillips et al., 175 La. 198, 143 So. 47, Kramer v. Freeman et al., 198 La. 244, 3 So.2d 609 and Roney et al. v. Peyton, La.App., 159 So. 469.

Likewise the plea of estoppel based on laches is without substance. Initially, we point out that such a plea, predicated on lapse of time alone, is inapplicable where a person is given a specific time within which to enforce a legal claim (as here). Thus, in Labarre et al. v. Rateau et al., 210 La. 34, 26 So.2d 279 we pointed out that "* * * While delay in enforcing a right is an element of laches, *such delay does not of itself constitute laches. The*

*defeating of a claim by lapse of time alone comes within the province of prescription or limitations.* * * *" And we also noted therein that in Louisiana "The laches doctrine addresses itself *exclusively* to the *evidentiary* effect of delay. * * *" That is to say, as the court explained there, the long delay in pressing a claim might weigh unfavorably against its validity. But the evidence here reflects that the parties had never ceased to negotiate over the amount due to Martin. And testimony of Munson himself leaves no doubt as to the validity of Martin's claim that he is entitled to reimbursement for the water system in the subdivision. (Italics ours.)

Nor do we perceive of any injustice, under the circumstances shown to exist here, of Munson's having to remit to Martin the amount received by him for the subdivision's lines when he sold his entire system to the Town of St. Francisville. To the contrary, for us to hold otherwise would be to permit Munson to unjustly enrich himself at Martin's expense.

For the reasons assigned the case is remanded to the district court for further proceedings to be held according to and in keeping with the views hereinabove expressed. In all other respects the judgment of the Court of Appeal is affirmed. Costs of the instant proceeding in this court shall be paid by Munson. Future costs shall await the final determination of the litigation.