331 So.2d 182 (1976)
Douglas MILLER
v.
EAST ASCENSION TELEPHONE COMPANY, INC., and South Central Bell Telephone Company.
No. 10688.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
*184 V. James Stewart, Baton Rouge, for appellant.
Allen M. Edwards, Plaquemine, for appellees.
Before SARTAIN, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is an appeal from a judgment sustaining certain peremptory exceptions asserted by South Central Bell Telephone Company, hereinafter referred to as Bell, in defense of a third party demand made upon it by East Ascension Telephone company, hereinafter referred to as EATEL.
On May 12, 1971, Miller, plaintiff in the principal demand, filed suit against Bell and EATEL alleging that their negligence and breach of contractual duties resulted in his failure to complete a business telephone call from Jennings, Louisiana to Gonzales, Louisiana. He alleged damages in excess of one million dollars.
Bell moved for summary judgment against Miller on May 27, 1971. The motion was heard and granted on June 25, 1971. Miller appealed and this court affirmed. Miller v. East Ascension Telephone Company, Inc., 263 So.2d 360 (La. App. 1st Cir. 1972), writ refused, 262 La. 1121, 266 So.2d 430.
On March 24, 1975, EATEL filed a third party demand against Bell asserting that Bell was liable to EATEL for any judgment which may be rendered against it in favor of Miller. This is based on an alleged contract between Bell and EATEL requiring the former to perform certain services on behalf of EATEL. It is alleged that the damage to Miller, if any, resulted from Bell's failure to perform properly the services required by the contract.
Bell responded by filing exceptions of judicial estoppel, laches, law of the case (no right or cause of action), res judicata, and prescription. The trial court sustained all of the exceptions and EATEL has appealed.
The exceptions of res judicata and prescription have apparently been abandoned. In any event, they are without merit. Res judicata requires identity of the thing demanded, the cause of action and parties in the same capacity. All these elements are missing. The plea of prescription of one year is not applicable to this cause of action based upon contract.
The exception of judicial estoppel is predicated upon the premise that the judgment *185 rendered in favor of Bell and against Miller precludes assertion of EATEL's third party claim against Bell.
The most recent construction of the principle of judicial estoppel by the Supreme Court is found in Sliman v. McBee, 311 So.2d 248 (La.1975), where it is said:
"The rule is said to bar reconsideration of matters previously determined by a court of competent jurisdiction and raised again by the same parties or their privies. Although the application of this common law doctrine in the civil law system of Louisiana is not free from doubt, this is of no moment here. Even under the doctrine of judicial estoppel, the matter of Mrs. Sliman's right of dissolution for nonpayment of the promissory notes that became due subsequent to the compromise settlement was never adjudicated by a court, in either the first or second suit. Accordingly, Mrs. Sliman is not foreclosed by judicial estoppel from asserting her right of dissolution and is entitled to rescind the sale by reason of the failure of the buyers, the McBees, to pay the full purchase price."
Assuming arguendo the requirement of identity of parties is satisfied, nevertheless, the principle of judicial estoppel is not properly applicable to the circumstances before us. The judgment rendered in favor of Bell adjudicated only the issues of Bell's tortious conduct toward Miller and breach of contractual obligations owed by Bell to Miller. The issue upon which the third party demand is founded is a contractual obligation between Bell and EATEL and the breach thereof. This matter was not before the court and was not adjudicated in the summary judgment proceeding.
Sliman, supra, clearly requires adjudication of an issue as a prerequisite to the application of the principle of judicial estoppel. The issue upon which the third party demand is founded has not been previously adjudicated; thus judicial estoppel will not serve to defeat EATEL's claim.
Petition of Sewerage and Water Board of New Orleans, 278 So.2d 81 (La.1973), sets forth the scope of the principle of the law of the case, stating:
"The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue."
The principle is applicable to and determines the effect given prior rulings disposing of identical issues earlier in the same proceedings involving the same parties. Keller v. Thompson, 134 So.2d 395 (La.App. 3rd Cir. 1961). As we stated above the issues posed by the third party demand are entirely distinct from those disposed of by the judgment granted to Bell. Therefore, the principle of the law of the case is inapplicable to this proceeding.
If the exceptions of no cause of action and no right of action be based on any ground other than the law of the case principle, they are equally without merit. The third party plaintiff has certainly pled a cause of action based on contract. Nor can it be validly asserted that EATEL is without legal interest in the subject matter of the suit.
The plea of laches is predicated on a contention that the lapse of time between *186 the filing of the original demand and the third party demand, approximately three years and ten months, coupled with certain other circumstances have prejudiced Bell's ability to defend this matter to such a degree that assertion of the third party demand should be precluded.
In Barnett v. Develle, 289 So.2d 129 (La.1974), laches is defined as:
"The doctrine of laches is predicated on equity. It addresses itself to the evidentiary effect of delay. It is based on the injustice that might result from the enforcement of long neglected rights, the difficulty, if not the impossibility, of ascertaining the truth of a matter in controversy, and doing justice between parties and on the public policy of discouraging stale and intiquated claims in the interest of the peace and repose of society. Labarre v. Rateau, 210 La. 34, 26 So.2d 279."
The mere lapse of time is not sufficient to invoke the doctrine of laches. Munson v. Martin, 249 La. 925, 192 So.2d 126 (1966); Labarre v. Rateau, 210 La. 34, 26 So.2d 279 (1946). A doctrine, such as laches, which would preclude the adjudication of a claim is not favored and will be subjected to close scrutiny before it will be applied. Cf. Barnett v. Develle, supra; American Bank and Trust Co. v. Trinity American Insurance Company, 194 So.2d 164 (La.App. 1st Cir. 1966).
Bell first contends that the progress of the lawsuitduring its absence creates substantial prejudice to its ability to defend. We are unimpressed with this contention. Little progress has been made. All the pertinent activity we are able to discern is some discovery and a pre-trial conference. Information developed thereby is available to Bell and no appreciable prejudice occurred as a result of Bell's not being able to participate.
Second, Bell contends the dimming of the memory of witnesses and loss thereof through employee turnover has substantially prejudiced it. With regard to the dimming of memory we are not convinced that this lawsuit would have progressed any more quickly had Bell been a party the entire time.
With regard to turnover the record fails to disclose one instance of a witness deemed necessary who was either alleged or shown to be unavailable. This contention is without merit.
Finally, Bell, claims certain records pertinent to its relationship with EATEL have been destroyed rendering it unable to defend the third party demand. The record disclosed that the records in question were destroyed by Bell. The records were said to be kept for "not more than a year at the most." There is no evidence that the records in question were still in existence at the time the principal demand was filed. We fail to see how Bell was prejudiced by the lapse of additional three years and ten months.
For the reasons assigned the judgment of the trial court is reversed at appellee's cost and this case is remanded to the court below for further proceedings.
REVERSED AND REMANDED.