335 So.2d 525 (1976)
Kathryn KACHELMYER
v.
John AMES and the Travelers Insurance Company.
No. 10772.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*526 Ralph W. Brewer, Baton Rouge, for appellant.
Eugene R. Groves, Baton Rouge, for appellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
CHIASSON, Judge.
Kathryn Kachelmyer, plaintiff-appellant, brought this suit to recover $65,600.00 as damages for injuries sustained by her as the result of the alleged negligence of John Ames, defendant-appellee. The appellant was injured on January 4, 1971, when the automobile owned by her, in which she was riding as a guest passenger, overturned while being driven by Ames, then a Louisiana resident.
This suit was filed one year later, on January 4, 1972, with a request to withhold service until further notice. Service was not requested until April 24, 1975, at which time the appellant amended her petition. The amended petition alleged that Ames was no longer a Louisiana resident and requested that service be made on Ames through the Secretary of State. The *527 amended petition also named Travelers Insurance Company, appellee, as a defendant under an automobile liability insurance policy covering the automobile driven by Ames.
Ames filed the declinatory exceptions of insufficiency of citation, insufficiency of service of process and lack of jurisdiction over the person. Travelers filed a peremptory exception of prescription and laches. After a hearing, the District Court sustained all the exceptions, except Ames' exception of lack of jurisdiction over the person upon which the Trial Court did not rule. The Trial Court dismissed appellant's suit against Travelers. It is from this judgment that appellant brings her appeal.
The errors specified by the appellant are:
"1. The trial court erred in sustaining Ames' exceptions of insufficiency of citation and of insufficiency of service of process.
"2. The trial court erred in maintaining the peremptory exceptions of prescription and laches filed by defendant, The Travelers Insurance Company, and in dismissing the plaintiff's suit at her costs."
Appellant's claim of personal jurisdiction over Ames is based on R.S. 13:3201(c) which permits the Court to exercise personal jurisdiction over a non-resident as to a cause of action arising from the non-resident causing injury or damage by an offense or quasi offense committed through an act or omission in this state. A "non-resident" under R.S. 13:3201 includes an individual, domiciled in Louisiana at the time the cause of action arose, who acquires a domicile in another state prior to the filing of suit. R.S. 13:3206, comment (c). R.S. 13:3204 provides the method of citation and service of process for suits brought under R.S. 13:3201. R.S. 13:3204 provides:
"A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
"Service of process so made has the same legal force and validity as personal service on the defendant in this state."
The service of citation on the Secretary of State by the appellant does not meet the requirements of R.S. 13:3204. Where jurisdiction is based on R.S. 13:3201, service must be made under the provisions of R.S. 13:3204. Ray v. South Central Bell Telephone Company, La., 315 So.2d 759 (1975); Boykin v. Lindenkranar, La.App., 252 So.2d 467 (4th Cir. 1971).
Jurisdiction and service could not be had by the appellant under R.S. 13:3474. R.S. 13:3474 provides that the operation by a non-resident of a motor vehicle on the public highways of the State of Louisiana is deemed equivalent to the appointment of the Secretary of State as the non-resdent's attorney for service of process for accidents arising out of the operation of the vehicle in this state. At the time of the accident Ames was a resident of Louisiana. His operation of a motor vehicle on a Louisiana highway can not be deemed the equivalent of the appointment of the Secretary of State as his attorney for service of process. For R.S. 13:3474 to apply, the party must be a non-resident at the time the cause of action arose. The definition of "non-resident" contained in R.S. 13:3206 applies to R.S. 13:3201 and R.S. 13:3202, not to R.S. 13:3474.
The District Court was correct in sustaining Ames' exceptions of insufficiency of citation and insufficiency of service of process. However, Code of Civil Procedure Article 932 provides that "when the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the Court." It is apparent that the appellee may remove the grounds for the objection *528 by obtaining proper service upon Ames. Boykin v. Lindenkranar, supra.
R.S. 9:5801 provides in part that:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. . . ."
Appellant's suit was filed in a court of competent jurisdiction and in the proper venue.
Civil Code Article 2097 provides that:
"A suit brought against one of the debtors in solido interrupts prescription with regard to all."
An insured and his insurer are solidary obligors. Pearson v. Hartford Accident & Indemnity Company, La., 281 So.2d 724 (1973); Hidalgo v. Dupuy, 122 So.2d 639 (App., 1st Cir. 1960).
Appellant filed suit against Ames within the one year prescriptive period provided by Civil Code Article 3536 for injuries which result from offenses or quasi offenses. To interrupt prescription it was not essential that appellant attempt service of citation on Ames, the filing of the suit itself served to interrupt prescription. King v. American Motorists Insurance Co., La.App., 295 So.2d 26 (4th Cir. 1974). To determine if the filing of suit which interrupted prescription as to Ames interrupted prescription as to Travelers, it is necessary to determine if Ames was, under the terms of the policy, an "insured" and therefore solidarily liable with Travelers. If Ames and Travelers are solidary obligors, prescription has been interrupted as to Travelers.
For the purposes of passing on this exception, this Court has before it, as a record for review, the pleadings and the minutes of the Court below. It appears that no evidence on the plea of prescription was adduced in the Trial Court. The appellant alleged, in her original and supplemental petition, facts which, if not controverted, are sufficient to establish that the suit against Travelers, the alleged insurer of Ames, was timely filed and prescription interrupted. Pearson v. Hartford Accident & Indemnity Company, supra.
Appellee's plea of laches is without substance. Such a plea, predicated on a lapse of time alone, is inapplicable where a person is given a specific time within which to enforce a legal claim. Munson v. Martin, 249 La. 925, 192 So.2d 126 (1966). Once a prescription is interrupted by the filing of suit, Code of Civil Procedure Article 561 gives the appellant five years in which to act before the suit is considered abandoned. Five years had not elapsed when the appellant filed her amended petition and requested service of process.
The doctrine of laches addresses itself exclusively to the evidentiary effects of delay. The doctrine should not be applied until after a hearing on the merits so that the Court may have before it all the evidence which could be produced by the proponents of the claim. Labarre v. Rateau, 210 La. 34, 26 So.2d 279 (1946). Travelers' plea of laches does not provide a basis for dismissing appellant's suit before a trial on the merits.
For the foregoing reasons, the judgment of the District Court is affirmed insofar as it sustains Ames' exceptions of insufficiency of citation and insufficiency of service of process. However, the case is remanded to the District Court to fix a delay in which the appellant may effect service of process under R.S. 13:3204. The judgment of the District Court is reversed insofar as it sustains Travelers' peremptory exception of prescription and laches. Cost to be paid by appellees.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.