348 So.2d 757 (1977)
Daniel SMITH
v.
Donald W. BICKLEY and Elizabeth Pitcher Bickley Northey.
No. 11465.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Bernard S. Smith, Covington, for plaintiff appellant.
J. David McNeill, III, Baton Rouge, for defendants appellees.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a suit for specific performance of a contract for the purchase of land. Plaintiff has appealed the trial court's sustaining of defendants' exceptions.
The issue on appeal is whether the trial court properly maintained defendants' peremptory exceptions of prescription and no cause of action.
We reverse and remand.
*758 Plaintiff, in his petition alleges the following: that in 1948 he offered to buy and defendants' mother agreed to sell a piece of property for $800.00; that defendants' mother thereafter refused to respond to his letters informing her that the succession of her late husband would have to be opened in order to deliver merchantable title; that defendants' mother died in 1958, and in 1976 a judgment of possession was granted recognizing defendants as the sole heirs of their mother, and as such the owners of the subject property; that plaintiff paid taxes on the property in 1952, and has at all times been ready, willing and able to perform the agreement.
We believe the exception of no cause of action was improperly maintained. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. Article 931. This exception must be disposed of on the face of pleadings alone and any attachments thereto. American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970).
Plaintiff pleaded offer, acceptance and the failure of defendants' mother to deliver good and merchantable title. Although exhibits marked as Bickley I, II and III, attached to exceptions, do not show that the parties ever reached an agreement on the terms of the sale, this evidence may not be considered because it was not alleged in or attached to plaintiff's petition. The allegations, although largely conclusions of law rather than well pleaded facts, are sufficient to state a cause of action.
Plaintiff also claims the trial court erred in sustaining the peremptory exception of prescription. This exception was evidently based on the fact that more than ten years had passed from the date the offer was allegedly accepted before suit was filed.
An action for specific performance of a real estate contract is a real action. Thirty years' prescription is applicable. State v. Grace, 197 La. 428, 1 So.2d 683 (1941); Mussina v. Alling, 11 La.Ann. 568 (1856); LSA-C.C. Article 3548.
Although the judgment sustained the plea of prescription, counsel have spoken in terms of laches, which however is inapplicable since a specific time for enforcement of the right is given. Munson v. Martin, 249 La. 925, 192 So.2d 126 (1966).
On the other hand, the passage of ten years' time has been sufficient on the claim for advanced taxes and the cost of title examination. However, if the grounds of the objection can be removed by amendment, the opportunity should be afforded by the court. LSA-C.C.P. Article 934.
For the above reasons, the judgment of the lower court is reversed and remanded for proceedings not inconsistent with this opinion. Costs of this appeal are to be borne by the defendants; all other costs to await the outcome of the litigation.
REVERSED AND REMANDED.